944 F.2d 908
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel R. DeNARDO, Plaintiff-Appellant,
v.
Roberta SCHOWEN, Jonathan Cohen, F. Michael Kovach, David A.
Hubbert, Gary Allen, William Rose, Murray S.
Horwitz, Defendants-Appellees.
 No. 90-35803.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Sept. 26, 1991.
 
 Before TANG, REINHARDT and RYMER, Circuit Judges.
 MEMORANDUM**
 This suit relates to an earlier proceeding, filed as a Bivens action in the District Court for the District of Alaska in 1986, in which the plaintiff alleged that Roberta Schowen and other IRS agents tortiously and unconstitutionally converted to their own use $1152.83 collected by levy to satisfy a frivolous return penalty. The district court dismissed the plaintiff's suit with prejudice, and we affirmed in an unpublished decision (No. 88-3804).
 Now Daniel DeNardo has returned to court with a new Bivens action. He alleges that Schowen perjured herself in the earlier proceeding (in particular, by falsely declaring that she acted within her statutorily authorized duties in collecting the penalty from the plaintiff) and that she and six Justice Department attorneys conspired to conceal her perjury. These actions, he claims, deprived him of his federal right of access to the courts.
 
 
 1
 The district court dismissed the complaint on alternative grounds. First, it held that the plaintiff's suit is in essence a motion for reconsideration of the earlier judgment under Fed.R.Civ.P. 60(b) and therefore cannot be raised as a separate action. Second, the court concluded that the complaint failed to state a claim upon which relief could be granted. Because we affirm on the second ground, we do not address the first.
 
 
 2
 The gravamen of the plaintiff's complaint is that he was denied his Bivens cause of action by the defendants' perjury and subsequent cover-up. It is certainly correct that the unlawful deprivation of a cause of action may rise to the level of a constitutional tort. " '[A] vested right of action is property in the same sense in which tangible things are property, and is equally protected from arbitrary interference.' " Barrett v. United States, 798 F.2d 565, 575 (2d Cir.1986) (quoting Pritchard v. Norton, 106 U.S. 124, 132 (1882)).
 
 
 3
 Under the circumstances of this case, however, no such constitutional tort could have occurred. In order for the defendants to have unconstitutionally deprived the plaintiff of his cause of action, that cause of action must be colorable. If the plaintiff's claim was patently without merit, no deprivation occurred and the plaintiff cannot state a claim upon which relief could be granted. In dismissing the plaintiff's previous suit, the district court held that DeNardo did not state a claim for wrongful collection of taxes even if a constitutional violation had occurred because special factors counseling hesitation were present which precluded his Bivens action. In particular, because an alternate form of redress had been made available by Congress--namely, a refund action against the government--a Bivens action was unavailable. See, e.g., Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 111 S.Ct. 986 (1991); Baddour, Inc. v. United States, 802 F.2d 801, 807-08 (5th Cir.1986); Cameron v. IRS, 773 F.2d 126, 129 (7th Cir.1985). Thus, the plaintiff had no colorable right to bring a Bivens action and could not have been deprived of such a right by the defendants.
 
 
 4
 Nor may the plaintiff proceed without alleging the deprivation of his cause of action. Perjury, or the subornation of perjury, is not actionable under Bivens unless it can be causally connected to the failure to succeed in a prior legal proceeding. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 625 (9th Cir.1988).[1] Thus, DeNardo cannot simply amend his complaint to eliminate the claimed deprivation of his cause of action.
 
 
 5
 Because "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (quotation omitted), the district court did not err in refusing to give the plaintiff leave to amend, despite his pro se status. Accordingly, the district court's order dismissing the complaint with prejudice is
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Karim-Panahi involved an action brought under § 1983, it is equally applicable to Bivens actions. See Butz v. Economou, 438 U.S. 478, 500-01, 504 (1978)