46 F.3d 1145
 RICO Bus.Disp.Guide 8726
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
680 FIFTH AVENUE ASSOCIATES, a New York limited partnership,
by its general partner, 680 REALTY PARTNERS, a New York
limited partnership; 54th and Fifth Land Partners, a New
Jersey limited partnership, by its general partner, 54th
Estate Corporation, a New Jersey corporation, Plaintiffs-Appellants,
v.
PRUDENTIAL SECURITIES, INC., a Delaware corporation;
Prudential Securities Group, Inc., a Delaware corporation;
Prudential-Bache Properties, Inc., a Delaware corporation;
American Capital Partners, a Texas general partnership;
Callaway Interests, Inc., a Texas corporation; Carnegie
Realty Holding Corporation, a Delaware corporation; TCAP
Corporation, a/k/a American Century Service Corporation, a
Texas corporation; and Summit Savings Association, a Texas
savings and loan association, Defendants-Appellees
 No. 93-55458.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Oct. 6, 1994.
Decided: Jan. 13, 1995.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,* Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Two limited partnerships, (hereinafter "Partnerships") appeal the district court's dismissal of their claims against Prudential Securities, Inc. and a groups of its affiliates (hereinafter "Prudential") for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. Secs. 1961-68. The court below also dismissed three pendent state law causes of action pursuant to its discretionary authority to dismiss pendant state law claims after dismissing the federal claim under United Mine Workers v. Gibbs, 383 U.S. 715 (1966). We affirm these dismissals, because we find that the Partnerships lacked standing to bring their RICO claims. We also hold that the district court was well within its discretion to deny the Partnerships' oral motion for leave to amend, because amendment would be futile. Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 4
 Prudential created the Partnerships, which owned Manhattan real estate, and sold limited partnerships in the Partnerships to investors. The Partnerships assert that, as formed and as managed, the Partnerships promised their investors returns and tax advantages that Prudential knew could not be delivered. The Partnerships argue that Prudential actually developed these investments to generate high fees for its brokers. After losing money for several years, the Partnerships filed for bankruptcy in August 1992.
 
 
 5
 The Partnerships stated two RICO claims, one under Sec. 1962(c) to recover treble damages for Appellees' alleged racketeering activities, and one under Sec. 1962(d) for Appellees' alleged conspiracy to commit acts in violation of Secs. 1962(a), 1962(b) or 1962(c). The district court held that the Partnerships failed to establish that Appellees' actions proximately caused their damages, and thus lacked standing to bring their Sec. 1962(c) claim. The court also dismissed the Sec. 1962(d) conspiracy claim for lack of a predicate RICO violation.
 
 
 6
 Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is reviewed de novo. Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303, 1306 (9th Cir. 1992), cert. denied, 113 S. Ct. 1644 (1993). We accept as true all allegations of material fact in the complaint and we construe these facts in the light most favorable to the Partnerships. Ibid. A dismissal for failure to state a claim is proper only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Chandler v. McMinnville School Dist., 978 F.2d 524, 527 (9th Cir. 1992) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 7
 Section Sec. 1964(c) allows "[a]ny person injured in his business or property by reason of a violation of" RICO to sue and, if successful, recover treble damages and attorney's fees. However, to ensure that RICO does not expand to provide "a federal cause of action and treble damages to every tort plaintiff," we require that plaintiffs show a concrete financial loss proximately caused by a defendant's violation. Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.) (en banc), cert. denied, 113 S. Ct. 655 (1992); see also Holmes v. Securities Investor Protection Corp., 112 S. Ct. 1311, 1316-17 (1992). In Holmes, the Supreme Court held that plaintiffs must show that their injuries were proximately caused by defendant's acts in order to have standing to sue under RICO. The Court required a showing of a "direct relation between the injury asserted and the injurious conduct alleged" and held that claims based upon harm "flowing merely from the misfortunes visited upon a third person" were too remote to meet this proximate cause requirement. Holmes, 112 S. Ct. at 1318.
 
 
 8
 This court has applied Holmes in two recent cases, Pillsbury, Madison & Sutro v. Lerner, 31 F.3d 924 (9th Cir. 1994) and Imagineering, Inc. v. Kiewit Pacific Co., 976 F.2d 1303 (9th Cir. 1992). In both Pillsbury and Imagineering, the plaintiffs appealed a Rule 12(b)(6) dismissal that was granted because plaintiffs could not establish proximate cause.
 
 
 9
 In Pillsbury, a subtenant asserted that various RICO violations led to an inflated purchase price for the building in which the subtenant had been renting space, thus causing the master tenant's rent to increase, which then caused Pillsbury's rent to increase under its sublease. This court found that the master tenant could be directly injured by the asserted RICO violations as required by Holmes, but not this subtenant. Pillsbury, 31 F.3d at 928-29. Furthermore, the master tenant had participated in a rental arbitration hearing with the owner that fixed the master tenant's rent. Only after the arbitration could the master tenant then recalculate Pillsbury's rent under its sublease. These two facts made the causation chain too attenuated to allow Pillsbury to establish proximate cause. Thus, Pillsbury lacked standing to pursue its civil RICO claim. Id. at 929.
 
 
 10
 In Imagineering, a class of minority and women-owned businesses filed a RICO claim against another contractor who allegedly had cheated by using sham minority subcontractors to obtain government contracts subject to MWBE preferences. Again applying Holmes, this court found that the plaintiffs could not show that the contractor's scheme directly caused the alleged harm. Rather, their injury was directly caused by their inability to secure government contracts. Imagineering, 976 F.2d at 1312.
 
 
 11
 Using Holmes, Pillsbury, and Imagineering as our guide, we hold that the Partnerships in this case did not sustain financial injuries proximately caused by Prudential's alleged violations of RICO, and thus the Partnerships lack standing. As an initial matter, it is unclear that the Partnerships can show any damages resulting from the alleged fraud, either directly or indirectly. The Partnerships must show harm resulting from the material misrepresentations and omissions, not from the underlying conditions that Prudential concealed. If Prudential had disclosed the truth about the condition of the businesses, fewer investors would have invested in the Partnerships. By concealing the true condition of these ventures, Prudential arguably benefitted the Partnerships by securing more investment for them.
 
 
 12
 Furthermore, to the extent the Partnerships have suffered any injuries as a result of Prudential's alleged violations of RICO, those injuries are too attenuated to confer standing. The Partnerships attempt to portray their position as analogous to the master tenant in Pillsbury, but this analogy is flawed. This court in Pillsbury held that the direct harm from the "sham" sale ran to the master tenant, not to the subtenant, even though the subtenant's rents also increased as a derivative effect of the master tenant's increase. The Partnerships, like the subtenant in Pillsbury or the minority subcontractors in Imagineering, have only alleged derivative and indirect harm. Prudential's misrepresentations directly harmed the individual investors, not the Partnerships. As in Pillsbury, this conclusion is bolstered by the fact that the Partnerships' losses depended on Prudential's intervening actions of siphoning off funds and refusing to lend the Partnerships money. Such remote and derivative injury cannot sustain a RICO claim.
 
 
 13
 Because the Sec. 1962(c) claim was properly dismissed, the Partnerships did not establish that their injury was caused by a conspiracy to commit a predicate RICO violation, as required to maintain a Sec. 1962(d) claim for conspiracy under Ninth Circuit precedent. Reddy v. Litton Indus., 912 F.2d 291, 295 (9th Cir. 1990), cert. denied, 112 S. Ct. 332 (1991).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3