Jeanne M. WAGES, Plaintiff–Appellant,

v.

INTERNAL REVENUE SERVICE; U.S. Government, Department of Treasury; Byron Broda, IRS Agent; Kathy Baryza, IRS Agent; Dan Valdez, IRS Agent; Calvin E. Esselstrom, District Director of the Internal Revenue Service, Defendants–Appellees.

No. 88–3650.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 1989.*

Memorandum June 15, 1990.

Order and Opinion Oct. 9, 1990.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Jeanne M. Wages, Colorado Springs, Colo., in pro. per.

William S. Rose, Jr., Asst. Atty. Gen., Washington, D.C., for defendants-appellees.

Before BROWNING, ALARCON and HALL, Circuit Judges.

## ORDER

The memorandum disposition filed June 15, 1990, is hereby redesignated as an authored opinion by Judge Hall.

## OPINION

CYNTHIA HOLCOMB HALL, Circuit Judge:

Jeanne M. Wages ("Wages") appeals from the district court's post-judgment order denying her "Motion to Alter or Amend Order Filed October 26, 1987 and Motion for Leave to Amend Complaint." She seeks review of the district court's 1) refusal to allow her to file an amended complaint in her pro se action against individual employees of the Internal Revenue Service ("the IRS"); and 2) award of attorney's fees as sanctions under Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. We affirm the judgment of the district court.

### I

Appellant Wages was employed as an accounting assistant in Alaska until May, 1987, when she claims she was forced to resign from her job as a result of IRS garnishment of her paychecks. She alleged in a complaint filed pro se in November, 1986 that beginning in 1977 IRS audits and collection practices violated her first, fourth, fifth, seventh, eighth, ninth, and fourteenth amendment rights by depriving her of liberty and property through extortion, theft, fraud, and coercion. She also alleged common law torts and violations of Title 18 sections 241, 242, 662, 872 and 1001 by the IRS, United States Department of Treasury, and four individual employees of the IRS.

The largest dollar amount in dispute was $56,594, which the IRS claimed for taxes, interest, and penalties owed for unauthorized deductions taken through a partnership in the year 1977. A Notice of Tax Lien was filed in 1982. After Wages produced duplicates of supporting documentation that she stated had been lost in a fire, the IRS abated its claim in August, 1985; it did not release its lien, however, until March, 1986. In the meantime, it had lev-

ied on appellant's paycheck and other checks. Appellant's complaint also alleged that she was improperly audited several times over a 10–year period, in light of the ultimate findings of the IRS that no additional taxes were owed.

On December 1, the district court ruled that Wages's request for a temporary restraining order was barred by the Anti–Injunction Act of Internal Revenue Code § 7421(a). On March 17, 1987, defendants filed a motion to dismiss Wages's complaint. The defendants argued that the court lacked subject matter jurisdiction by virtue of sovereign immunity;[1] that since the individual defendants have not been properly served, the court lacked personal jurisdiction; that plaintiff had failed to join a necessary party, namely the United States; and that plaintiff's complaint failed to state a claim upon which relief could be granted.[2] In a reply to Wages's opposition to their motion to dismiss, defendants claimed that Wages's complaint failed to state a claim under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

On April 21, Wages filed her own request for dismissal of her complaint without prejudice. In the alternative, she sought leave to amend with a specific request to the court to guide her on amending her complaint. The court later deemed Wages's request for dismissal without prejudice to be withdrawn based on her own statements in court. It further advised Wages that amending her complaint would not cure the fundamental defects in her

action: the Government was shielded by sovereign immunity, and the individual defendants were not liable for fourth amendment violations under *Bivens*. On June 29 the court granted the defendants' motion to dismiss, entering the dismissal with prejudice against the governmental entities on the grounds that Wages's complaint failed to state a claim upon which relief could be granted and that the court lacked subject matter jurisdiction. The court also dismissed the complaint against the individual defendants on the grounds that it lacked in personam jurisdiction by virtue of defective service and because "even if they were properly served, no *Bivens* action would lie."

Nevertheless, on July 8 Wages filed an amended complaint which the court noted was substantially the same as the one previously rejected. On October 21 the court struck the amended complaint, and awarded the government attorney's fees pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927 on the ground that Wages had multiplied the proceedings unreasonably and vexatiously. On January 21, 1988, the court denied Wages's motion to alter or amend the October 21 order.

## II

 We may not review the district court's original judgment entered on July 2, 1987. Wages neither appealed this order within the next sixty days nor suspended the time for filing an appeal by filing any of the motions listed in Fed.R.App.P. 4(a)(4) in the ten days following the entry of judgment.[3] Instead, she filed a motion to va-

---

1. Defendants claimed that although the United States had not been named in the complaint, it was the real party in interest.

2. Under this heading, defendants claimed that 1) Congress had only provided for limited judicial review of tax disputes, not including the present suit; 2) Wages's claim for an injunction was barred by the Anti–Injunction Act, 26 U.S.C. § 7421; and 3) the individual defendants were shielded by the doctrine of qualified immunity.

3. Wages attempted to file an amended complaint on July 8, 1987. Were we to treat the amended complaint as a Rule 59 motion to alter or amend the court's judgment, Wages's sixty-day time to appeal would have been suspended

from running until the district court struck the amended complaint on October 26 pursuant to Rule 4(a)(4). But instead of appealing at this point, Wages within ten working days moved to vacate this order as well. Successive motions under Rule 59, however, generally do not affect the finality of the judgment; any other rule would effectively give a disgruntled litigant the ability to stretch the period for appeal indefinitely. Only when the court substantively alters its judgment in response to a Rule 59 motion may a successive motion toll the period for appeal. *See Charles v. Daley*, 799 F.2d 343, 347–48 (7th Cir.1986). In short, were we to treat the amended complaint as the functional equivalent of a Rule 59 motion, we would none-

cate the judgment pursuant to Rule 60(b) on August 10, 1987. Such a motion " 'does not toll the time for appeal from, or affect the finality of, the original judgment.' Furthermore, '[t]he Court of Appeals may review the ruling [on a Rule 60(b) motion] only for abuse of discretion ... and an appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review.' " *SEC v. Seaboard Corp.*, 666 F.2d 414, 415 (9th Cir.1982) (*quoting Browder v. Director*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978)). Thus, we cannot review, as Wages would like us to, the district court's ruling that the individual defendants had been improperly served.

■ We can review, however, Wages's claim that the district court lacked jurisdiction to dismiss her claims with prejudice. Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction, *see Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985), or lack of personal jurisdiction, *see Thos. P. Gonzalez Corp. v. Consejo Nacional De Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir.1980). Wages did both in her motion.

■ First, she argued that once the district court ruled that it lacked subject matter jurisdiction over the IRS, it lacked the power to rule alternatively on the merits that her complaint against the agency failed to state a claim upon which relief could be granted. Second, she argued that once the district court ruled that it lacked jurisdiction over the individual defendants due to defects in service of process, it lacked the power to rule alternatively that her complaint against these officials failed to state a claim upon which relief could be granted under a theory predicated on *Bivens v. Six Unknown Named Agents of*

*Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1970). We are only persuaded by the first of these contentions. A jurisdictional dismissal is not a judgment on the merits, *see Franklin v. State of Oregon, State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir.1981).[4] Pursuant to this rule, we have held that a judge ordering a dismissal based upon lack of subject matter jurisdiction "retain[s] no power to make judgments relating to the merits of the case." *Cook v. Peter Kiewit Sons Co.*, 775 F.2d 1030, 1035 (9th Cir.1985) *cert. denied*, 476 U.S. 1183, 106 S.Ct. 2919, 91 L.Ed.2d 547 (1986). Consequently, a judge who concludes that subject matter jurisdiction is lacking has no power to rule alternatively on the merits of a case. *See id.* ("[D]ismissal based on failure to state a claim requires a judgment on the merits and cannot be decided before the court assumes jurisdiction...."). "A judgment dismissing an action for failure to state a claim is a judgment on the merits." *United States v. Bechtel Corp.*, 648 F.2d 660, 663 (9th Cir.), *cert. denied*, 454 U.S. 1083, 102 S.Ct. 638, 70 L.Ed.2d 617 (1981). Accordingly, the district court erred by dismissing Wages's claims against the IRS on the merits.

■ We have not treated defects in personal jurisdiction similarly. In *Dodd v. Spokane County*, 393 F.2d 330 (9th Cir. 1968), we acknowledged that the district court erred by ruling on its own sua sponte motion to dismiss for failure to state a claim prior to issuance and service of process. Nonetheless, we determined that it would be pointless to remand where "the fact is that all of the defendants have appeared in this court and [plaintiff] has here fully presented his arguments in opposition to the district court's order," *id.* at 335.[5]

---

theless be unable to review the district court's original order. For the only "new" ruling in the district court's order of October 26 was its award of attorney's fees, a ruling Wages was certainly entitled to ask the court to reconsider, but not along with a request to reconsider the original judgment.

**4.** Indeed, the Federal Rules of Civil Procedure dictate that when not otherwise specified, a dis-

missal for lack of jurisdiction does not "operate[ ] as an adjudication on the merits." Fed.R. Civ.P. 41(b).

**5.** Our disparate treatment of subject matter and personal jurisdiction can be explained. A court that lacks jurisdiction over a particular subject matter is foreclosed by definition from saying anything on the merits of that subject matter; the court simply lacks power to proceed. A

Here, both Wages and counsel for all of the defendants appeared in the district court to present arguments not only on the motion to dismiss for lack of personal jurisdiction, but on the motion to dismiss for failure to state a claim as well. Accordingly, the district court did not err by ruling in the alternative on the motion to dismiss for failure to state a claim, and the judgment was not void.

■ In the wake of this ruling, Wages did not possess an automatic right to amend her complaint. The Federal Rules provide that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served," Fed.R.Civ.P. 15(a). Despite the fact that we do not consider a motion to dismiss to be a "responsive pleading," *Breier v. Northern Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789 (9th Cir. 1983), we have held that "if a complaint is dismissed for failure to state a claim upon which relief can be granted, leave to amend may be denied, even if prior to a responsive pleading, if amendment would be futile." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.), *modified*, 856 F.2d 111 (1988).

■ Here, we agree with the district court that amendment would be futile. Wages's amended complaint basically realleges a *Bivens* claim against the individual defendants based upon allegedly fraudulent and intimidating conduct. Wages suggests that the conduct resulted in a violation of her due process rights under the fifth amendment and perhaps even her rights under the fourth amendment. Yet we have never recognized a constitutional violation arising from the collection of taxes. Moreover, even were we to find that some sort of constitutional right is at stake here, we agree with the Seventh Circuit that the remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly col-

lected, foreclose a damage action under *Bivens* in this situation. *See Cameron v. IRS*, 773 F.2d 126, 129 (7th Cir.1985); *see also Baddour, Inc. v. United States*, 802 F.2d 801, 807–08 (5th Cir.1986). Indeed, we previously held that a statutory provision enabling a taxpayer to challenge an assessment *after* it has been levied satisfies the dictates of due process. *See Todd v. United States*, 849 F.2d 365, 369 (9th Cir.1988). Finally, the defendants are clearly entitled to qualified immunity, since no prior decisions from our circuit have *clearly* established any of the constitutional rights alleged to have been violated in the amended complaint. *See Thorsted v. Kelly*, 858 F.2d 571, 573 (9th Cir.1988) (listing qualified immunity standard); *see also Bothke v. Fluor Eng'rs & Constructors, Inc.*, 834 F.2d 804, 810–12 (9th Cir.1987) (assuming arguendo that plaintiffs had a clearly established constitutional right not to be subjected to egregious and abusive tax practices yet concluding that IRS agent had not acted egregiously).

### III

■ The district court sanctioned Wages pursuant to 28 U.S.C. § 1927 and Fed.R.Civ.P. 11. We review the award of section 1927 sanctions for abuse of discretion. *West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1526 (9th Cir. 1990). "Section 1927 sanctions require a bad faith showing." *Id.* at 1528. By attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim, and by continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind, Wages evidenced bad faith in multiplying the proceedings in this case "unreasonably and vexatiously," *see* 28 U.S.C. § 1927. Section 1927 sanctions may be imposed upon a pro

court that lacks personal jurisdiction over a defendant obviously would be similarly foreclosed from conducting a trial and entering a final judgment against the defendant. A motion to dismiss for failure to state a claim stands on different footing, however. If it is granted, the defendant will not have to stand trial; if it is

denied, the trial will proceed. In neither case, however, will disposition of the motion "bind" the defendant by finding him liable. Because of this, a district court is allowed to decide that a complaint fails to state a claim upon which relief can be granted even before the defendant has been properly served.

se plaintiff, despite Wages's protestations to the contrary. *See, e.g., Wood v. Santa Barbara Chamber of Commerce, Inc.*, 699 F.2d 484, 485–86 (9th Cir.1983) (*cert. denied*), 465 U.S. 1080, 104 S.Ct. 1445, 79 L.Ed.2d 765 (1984). Because we uphold the imposition of sanctions on section 1927 grounds, we need not determine whether the district court was justified in alternatively awarding sanctions based upon Rule 11.

## IV

AFFIRMED.