95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
ASSOCIATED BUSINESS TELEPHONE SYSTEM CORPORATION, Plaintiff-Appellant,
v.
Ethel COHN, individually as special administrator of the
Estate of Leslie B. Cohn; Mark Cohn; Susan Cohn;
Alexandra Cohn; Salmark Investment
Company; et al., Defendants-Appellees.
 Nos. 94-17042, 95-17137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1996.
Decided Aug. 8, 1996.
 
 Before WOOD, JR.,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Associated Business Telephone System Corporation ("ABTS") instituted the underlying RICO action after the defendants-appellees--Ethel Cohn, Mark Cohn, Susan Cohn, Alexandra Cohn, and Salmark Investment Company (collectively "Cohn")--allegedly engaged in conduct designed to obstruct ABTS's collection of a large judgment owed to it by Mark Cohn, Steve Cohn, and Greater Capitol Corporation. The district court eventually dismissed ABTS's action with prejudice pursuant to Rule 12(b)(6) and awarded attorney's fees to Cohn after it concluded that ABTS had pursued this litigation in bad faith. The district court then denied ABTS's Rule 60(b) motion to set aside the judgment. ABTS appeals. We presume that the parties are familiar with the facts and procedural history of this matter, so we will proceed to directly discuss the issues in dispute.
 
 I.
 
 3
 ABTS first contends that the district court erred when it denied its Rule 60(b) motion. We review this decision for an abuse of discretion. United States v. RG & B Contractors, Inc., 21 F.3d 952, 954 (9th Cir.1994).[1] Our review of the record convinces us that the district court did not err when it concluded that ABTS's actions did not constitute "excusable neglect" within the meaning of Rule 60(b). Among other transgressions, ABTS failed to retain an attorney to draft the Third Amended Complaint and it consequently failed to meet its filing deadline. ABTS was also unrepresented at the September 21, 1994 hearing and it failed to inform the district court of the settlement agreement that had allegedly been reached. Therefore, we conclude that the district court did not abuse its discretion when it denied ABTS's Rule 60(b) motion.
 
 II.
 
 4
 ABTS next alleges that the district court erred when it imposed sanctions pursuant to 28 U.S.C. § 1927 and its inherent powers. A prerequisite to the imposition of sanctions under either § 1927 or a court's inherent powers is a finding of subjective bad faith. In re Keegan Management Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir.1996). We review the district court's imposition of sanctions under these grounds for an abuse of discretion. Id.
 
 
 5
 We note initially that ABTS's argument here is at least partly meritorious. Section 1927 sanctions may only be imposed against a party when that party is proceeding pro se. Wages v. Internal Revenue Serv., 915 F.2d 1230, 1235-36 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991). As a corporation, ABTS cannot proceed pro se, therefore sanctions cannot be imposed against it pursuant to § 1927.
 
 
 6
 We conclude, however, that the imposition of sanctions here may be affirmed on the ground of the court's inherent powers. First, we conclude that the district court did not abuse its discretion when it concluded that ABTS had acted in bad faith: After its initial counsel withdrew from the case, ABTS failed to timely obtain new counsel to pursue its pending claims, its filings were consistently late, and the complaints that it did file were inadequate. Second, although some of ABTS's sanctionable conduct may have arguably been sanctionable under the Federal Rules of Civil Procedure, we cannot state that the district court abused its discretion by relying upon its inherent powers. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991).
 
 
 7
 It is true that these sanctions were imposed in ABTS's absence. ABTS, however, was provided with notice that Cohn's motion for Rule 11 sanctions would be entertained at the September 21, 1994 hearing, but ABTS neglected to obtain counsel to attend the hearing. Although ABTS was not expressly provided with notice that its subjective bad faith would necessarily be called into question, ABTS was certainly on notice that its actions evidenced a pattern of subjective bad faith and it could not have been surprised when sanctions were imposed on this basis. Moreover, ABTS did have the opportunity to contest these sanctions later, at the hearing on its Rule 60(b) motion. See Link v. Wabash R.R., 370 U.S. 626, 632 (1962).
 
 
 8
 Finally, we uphold the amount of sanctions. First, there is no legal bar to the imposition of sanctions against a party where that party's counsel has not been sanctioned. Pan-Pacific & Low Ball Cable Television Co. v. Pacific Union Co., 987 F.2d 594, 597 (9th Cir.1993). Second, we conclude, after reviewing the record, that the district court did not abuse its discretion when it concluded that the amount of sanctions, $78,093.99, represented reasonable attorney's fees.
 
 III.
 
 9
 Costs shall be taxed against ABTS.
 
 
 10
 Affirmed.
 
 
 
 *
 The Honorable Harlington Wood, Jr., United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 ABTS argues that our review here should be de novo, as it alleges that the parties reached a settlement agreement and questions surrounding the formation of a contract present a question of law. However, the decision before us here involves only the district court's ruling on ABTS's Rule 60(b) motion. The settlement issue does not alter the applicable standard of review under these facts