108 F.3d 1386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leon SANDERS, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY; Aetna Insurance Company; Long
Term Disability Insurance, Defendants-Appellees.
 No. 96-55952.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Sanders appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal for failure to state a claim of his action against his former employer, Hughes Aircraft Company, and its long-term disability plan administrator, Aetna Insurance Company. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Sanders contends that the district court erred by dismissing his action for failure to state a claim on res judicata grounds without permitting him to file an amended complaint and that the district court abused its discretion by imposing sanctions of $500 against him. These contentions lack merit.
 
 
 4
 We review de novo a district court's dismissal for failure to state a claim. Hairston v. Pacific 10 Conference, 101 F.3d 1315, 1319 (9th Cir.1996). We review for abuse of discretion the district court's imposition of sanctions pursuant to 28 U.S.C. § 1927. GRiD Sys. Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1319 (9th Cir.1994) (per curiam).
 
 
 5
 First, the doctrine of res judicata "provides that a final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action." FDIC v. Alshuler (In re Imperial Corp. of America), 92 F.3d 1503, 1506 (9th Cir.1996). Here, Sanders brought the same claim against the same parties after the district court had made a final decision on the merits of the previous case. Because Sanders's action is barred on res judicata grounds, the district court did not err by dismissing his action without leave to amend. See Hairston, 101 F.3d at 1319.
 
 
 6
 Second, a pro se litigant "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; see Wages v. IRS, 915 F.2d 1230, 1235-36 (9th Cir.1990). Such sanctions require a showing of bad faith. See Wages, 915 F.2d at 1235 (holding that Wages's attempt to file an amended complaint that did not differ materially from the one that failed to state a claim evidenced bad faith).
 
 
 7
 Here, Sanders admits that he could have appealed the previous action. He chose, however, to file a new complaint. Appellees estimate that they have incurred $2,790 in attorneys fees to defend this action. In light of Sanders's conduct, we cannot say that the district court abused its discretion by sanctioning him $500. See GRiD Sys. Corp., 41 F.3d at 1319; Wages, 915 F.2d at 1235.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Sanders's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3