Gerard N. HAAS, Jr., Plaintiff,

v.

Jan J. SCHALOW, Larry Locke, and Does I through X, Defendants.

No. 97–C–182.

United States District Court,
E.D. Wisconsin.

Jan. 26, 1998.

Gerard N. Haas, Racine, WI, pro se.

Thomas Schneider, U.S. Atty., U.S. Courthouse, Milwaukee, WI, La Quita Taylor–Phillips, Raymond R. Mulera, U.S. Dept. of Justice, Tax Division, Civil Trial Section, Central Region, Washington, DC, for Defendants.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Gerard N. Haas, Jr. filed this pro se action against Jan J. Schalow, an officer in the collection division of the Internal Revenue Service ["IRS"] in Racine, Wisconsin, and Larry Locke, a group manager with the collection division of the IRS in Green Bay, Wisconsin. Mr. Haas has also named as defendants "Does I through X," whom he describes in his complaint as employees of the IRS. The crux of Mr. Haas' complaint, which alleges several constitutional violations, arises from an incident at his business premises in Racine, Wisconsin, on January 9, 1997. The defendants have moved to dismiss this action on three different grounds: (1) that the plaintiff has not pled his complaint with enough specificity to maintain a *Bivens* action; (2) that Mr. Haas' exclusive remedy for relief can be found only in the IRS code, not in the United States Constitution, and his complaint therefore fails to state a claim; and (3) that the defendants have qualified immunity.

Both parties, in briefing their positions on the motion to dismiss, have provided the court with material outside of the pleadings. For example, the defendants have attached the declarations of both Ms. Schalow and Mr. Locke, as well as several other documents, to

their motions to dismiss. Mr. Haas followed suit and attached to his response his own and his brother Matthew's declarations, along with several other documents. If the court were to consider these documents in reaching its decision, it would have to treat the motion as one for summary judgment and give the parties "reasonable opportunity to present all material made pertinent to such a motion." F.R.C.P. 12(b); *see General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir.1997). Because these extraneous materials will not assist me in my decision, however, I will not consider them. Therefore, I will treat the defendant's motion as one to dismiss.

### I. Factual Background

At this point in the proceedings, I must liberally construe Mr. Haas' allegations and take as true his well-pleaded factual claims. *Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund*, 25 F.3d 417, 420 (7th Cir.1994). Accordingly, the following version of the facts is his.

On January 6, 1997, Ms. Schalow obtained from another branch of this court an order to enter the premises at 2400 Racine Street in Racine. The court granted the order based on Ms. Schalow's representation that Romanite Building Products, Inc. ["Romanite"], located there, owed delinquent taxes. However, Mr. Haas alleges that Ms. Schalow's statements to the court were "unreasonable and incorrect" because Mr. Haas had already notified Ms. Schalow that Romanite had been dissolved. The court's order authorized Ms. Schalow and "other designated employees" of the IRS to seize property in satisfaction of Romanite's unpaid income taxes.

On January 9, 1997, Ms. Schalow entered the premises with the intent to seize the plaintiff's business premises, conduct a search for other property, and then obtain another entry order for the personal property. When she arrived, Ms. Schalow and "others" conducted an illegal search and seizure of Mr. Haas' personal papers. Based on what she found in the papers at the premises, Ms. Schalow then issued notices of levy to other individuals and entities.

On January 13, 1997, the plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Wisconsin, and on the next day, he delivered a copy of that petition to Ms. Schalow. He also called Larry Locke, who was Ms. Schalow's group manager, on January 14, 1997. Mr. Locke said that he was aware of the bankruptcy petition, but he nevertheless refused to release plaintiff's business premises, and its contents, to the plaintiff. Ms. Schalow called the Wisconsin Secretary of State on January 14, 1997 and was notified that the plaintiff's corporation had been dissolved. She still "refused," however, to release Mr. Haas' business premises and personal property.

Mr. Haas claims that both Ms. Schalow and Mr. Locke "knew or should have known" that there were no reasonable grounds with which to obtain a writ of entry against a dissolved corporation and that, in obtaining such a writ of entry and directing that the locks at the premises be changed and padlocked, the defendants acted in bad faith. The plaintiff alleges that the defendants have violated his Fourth, Fifth, and Ninth Amendment rights and that their refusal to release the property violated the automatic stay provisions of 11 U.S.C. § 362. He further alleges that the was damaged in the amount of $4000 a day due to the seizure of the premises.

### II. Analysis

I will first address the defendants' second argument—that Mr. Haas' exclusive remedy is a statutory, not constitutional one—because that argument is dispositive. Specifically, the defendants argue that a *Bivens* action, one against individual federal officers for a violation of a plaintiff's federal constitutional rights, is not proper when Congress has already provided a statutory remedy that purports to be the exclusive remedy. Here, the defendants claim, Mr. Haas' exclusive remedy is provided by the IRS code,

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the U.S. Supreme Court provided plaintiffs with a judicially created cause of action against federal officers. However, the Court also expressly said that the federal courts must

refrain from extending *Bivens* when Congress has indicated that a parallel statutory remedy is exclusive, *see Bush v. Lucas,* 462 U.S. 367, 378, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983). In *Bush,* the Court said that "[w]hen Congress provides an alternative remedy, it may, of course, indicate its intent, by statutory language, by clear legislative history, or perhaps even by the statutory remedy itself, that the courts' power should not be exercised." 462 U.S. at 378; *see also Schweiker v. Chilicky,* 487 U.S. 412, 423, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) ("When the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration, we have not created additional *Bivens* remedies."); *Cameron v. IRS,* 773 F.2d 126, 129 (7th Cir.1985) ("Courts will not create a damage remedy for the violation of a constitutional right when Congress has created explicit remedies or when a court-created remedy would interfere with the effective functioning of the government.").

Ms. Schalow and Mr. Locke claim that two separate sections of the IRS code provide Mr. Haas with his only remedies. The first section states:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages *against the United States* in a district court of the United States. Except as provided in section 7432, *such civil action shall be the exclusive remedy for recovering damages resulting from such actions.*

26 U.S.C. § 7433 (emphasis added). The second section, 26 U.S.C. § 7432(a), allows a plaintiff to sue the United States if "any officer or employee of the Internal Revenue Service knowingly, or by reason of negligence, fails to release a lien ... on property of the taxpayer."

As seen above, section 7433 explicitly states that it is the sole redress for a plaintiff seeking to recover for the actions of IRS officials in their collection activities. While section 7432 does not make the same explicit statement, section 7433's mention of section 7432 is a recognition that, as far as exclusivity, those sections should be treated the same. Several courts have found that Congress intended section 7432, along with 7433, to prevent a plaintiff from making constitutional *Bivens*-like claims against individual IRS agents. For example, in *Vennes v. An Unknown Number of Unidentified Agents of the United States,* 26 F.3d 1448, 1453 (8th Cir. 1994), *cert. denied,* 513 U.S. 1076, 115 S.Ct. 721, 130 L.Ed.2d 627 (1995), the plaintiff claimed that IRS agents illegally confiscated his business, sold its assets, and forced him out of business, even though he did not owe any taxes. The court of appeals for the eighth circuit said that the plaintiff's *Bivens* action could not go forward because Congress, in enacting sections 7432 and 7433, intended to preclude such actions: "These carefully crafted legislative remedies confirm that, in the politically sensitive realm of taxation, Congress's refusal to permit unrestricted damage actions by taxpayers has not been inadvertent." *Vennes,* 26 F.3d at 1454.

Similarly, in *Fishburn v. Brown,* 125 F.3d 979, 982–83 (6th Cir.1997), the court of appeals for the sixth circuit dismissed for lack of subject matter jurisdiction a claim in which a plaintiff claimed that an individual IRS agent violated her Fifth Amendment right to due process by seizing her car. Noting the existence of section 7433, the court said that "[s]ince Congress has created statutory provisions that enabled Fishburn to challenge the IRS agents' actions, she does not have an actionable Bivens claim for a violation of due process." *Fishburn,* 125 F.3d at 983.

In another relevant case, the court of appeals for the seventh circuit found that the plaintiff suing the IRS had not stated a claim for a violation of his constitutional rights. The court went on to say in dicta, however, that even if the court could give the plaintiff a remedy, the plaintiff could not recover damages from individual employees of the IRS. The court said:

> Congress has given taxpayers all sorts of rights against an overzealous officialdom,

including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees. It is hard enough to collect taxes as it is; additional obstructions are not needed.

*Cameron v. IRS,* 773 F.2d 126, 129 (7th Cir.1985); *see also McMillen v. United States Dept. of Treasury,* 960 F.2d 187, 190–91 (1st Cir.1991) (stating, in dicta, that "Congress has deemed Sections 7432 and 7433 the exclusive remedies for damages resulting from such abuses"); *Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991).

Mr. Haas, in his brief in response to the defendants' motion to dismiss, repeats his statement that, generally, plaintiffs may recover damages for a violation of their Fourth Amendment rights by federal officials. He does not address, however, the defendants' specific argument that sections 7432 and 7433 are his exclusive remedies, and he does not argue that the government actions for which he is suing were not "in connection with any collection of Federal tax."

I believe that Ms. Schalow's entry onto the property, her search of "papers" at the property, and her subsequent levy of property were all in connection with the collection of Romanite's unpaid taxes. I also find that Ms. Schalow's and Mr. Locke's alleged refusal to release property that had been levied in order to satisfy Romanite's taxes was related to the collection of taxes. Therefore, based on the extensive caselaw cited above, Mr. Haas cannot maintain a *Bivens* action against these individual defendants. His sole remedy can be found in the tax code. I need not address the defendants' specificity and qualified immunity arguments.

The plaintiff may have anticipated the court's finding that he cannot sue Ms. Schalow and Mr. Locke, because after the defendant's motion to dismiss was fully briefed, the plaintiff filed a motion for leave to file a supplemental complaint and to add defendants. Specifically, Mr. Haas proposes to add the Town of Mount Pleasant, employees of the Mount Pleasant Police Department, and "federal employees" as defendants. He then goes on to describe the alleged harassment that special agents of the IRS and employees of Mount Pleasant have committed upon his brother, Matthew Haas.

■ Apart from the issue of whether the plaintiff has standing to sue for injuries his brother may have suffered, Mr. Haas' proposed amended complaint cures none of the deficiencies discussed above. His motion to amend will be denied, and I will dismiss this action, with prejudice, for the plaintiff's failure to state a claim against the named defendants.

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's motion for leave to file a supplemental complaint and to add defendants be and hereby is denied.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed to dismiss this action, with prejudice, for the plaintiff's failure to state a claim upon which relief can be granted.