Stephanie G. PIERCE, Plaintiff–Appellant,

v.

Gerald H. ITKIN; et al., Defendants–Appellees.

Nos. 00–35158, 00–35695.

D.C. No. CV–99–00671.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2001.*

Decided June 1, 2001.

Before PREGERSON, FERNANDEZ, and WARDLAW, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Stephanie G. Pierce appeals pro se the district court's judgment dismissing her action alleging that the defendants engaged in fraud and perjury in a prior civil suit, and the district court's subsequent award of sanctions. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court properly construed Pierce's complaint as a motion for relief under Fed.R.Civ.P. 60(b)(3), and exercised removal jurisdiction. *See Eyak Native Village v. Exxon Corp.,* 25 F.3d 773, 778

---

* The panel unanimously finds this case suitable for decision without oral argument and de-

nies Pierce's motion for oral argument. *See* Fed. R.App. P. 34(a)(2).

(9th Cir.1994). We review for abuse of discretion a motion to reconsider or reopen under Rule 60(b) and the entry of sanctions under 28 U.S.C. § 1927. *De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.), *cert. denied,* —— U.S. ——, 121 S.Ct. 183, 148 L.Ed.2d 126 (2000); *Wages v. IRS,* 915 F.2d 1230, 1236 (9th Cir.1990).

In appeal No. 00–35158, we affirm the judgment for the reasons stated in the district court's order filed January 14, 2000.

In appeal No. 00–35695, we conclude that the district court did not abuse its discretion in awarding attorney's fees and costs as a sanction pursuant to 28 U.S.C. § 1927. *See Wages,* 915 F.2d at 1236.

Pierce's remaining contentions lack merit.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.