FILED

DEC 22 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STRIDER ROGNIRHAR, AKA Jonathan
A. Picollo,

            Plaintiff - Appellant,

    v.

N. GRANNIS; S. R. MOORE; R.
RUSSELL; MATTHEW CATE,

            Defendants - Appellees.

No. 09-15529

D.C. No. 2:08-cv-00892-LRS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lonny R. Suko, District Judge, Presiding

Argued and Submitted December 5, 2011
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and BERZON, Circuit Judges.

    Strider Rognirhar contends that the district court erred in dismissing his

Complaint under the Prison Litigation Reform Act ("PLRA") (1) as "frivolous," 28

U.S.C. § 1915(e)(2)(B)(i); and (2) for "fail[ure] to state a claim on which relief

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

may be granted," *id*. § 1915(e)(2)(B)(ii). Rognirhar's Complaint alleged that defendants violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment by refusing to grant him a religious exemption from California's prison grooming regulation, which prohibits inmates from maintaining facial hair that extends more than one-half inch outward from the face. *See* Cal. Code Regs. tit 15, § 3062(h).

1.  This case is not moot. It is not "absolutely clear," *Friends of the Earth v. Laidlaw Ent'l Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000), that § 3062(h) will not be enforced against Rognirhar. California has not yet amended § 3062(h) to eliminate restrictions on the length of inmates' facial hair, and the *Basra v. Cate* settlement agreement is not enforceable by Rognirhar. As the case is not presently moot, we must decide this appeal on the merits. Should California promulgate its proposed amendment to § 3062(h) after the case is returned to the district court, the district court will then determine whether the new provision does, in fact, moot the case. *See, e.g.*, *Jacobus v. Alaska*, 338 F.3d 1095, 1103 (9th Cir. 2003) ("[I]n cases involving the amendment or repeal of a statute, . . . we may continue to exercise authority over a purportedly moot case where the balance of interests favors such continued authority.") (internal quotation marks omitted); *Gluth v. Kangas*, 951 F.2d 1504, 1507 (9th Cir. 1991) (holding that where a policy is enacted but

2

contains vague standards, whether it moots the case depends on whether it "can[]" be said with assurance that there is no reasonable expectation that the alleged violations will recur.") (internal quotation marks omitted).

Rognirhar's claims against S.R. Moore and R. Russell, however, are moot. Moore and Russell were employees of Deuel Vocational Institute. Rognirhar is no longer imprisoned at Deuel and has not alleged that he is reasonably likely to return there. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

2. Particularly in light of California's settlement with another inmate challenging § 3062(h) in *Basra v. Cate*, No. CV11-01676 (C.D. Cal. 2011), the district court erred in dismissing Rognirhar's Complaint as "frivolous" under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(I). *See also Warsoldier v. Woodford*, 418 F.3d 989 (9th Cir. 2005).

Nor is the suit frivolous for any of the principal reasons now argued by the defendants. Rognirhar has standing to bring this suit even though he shaved his beard just before being transferred to a California prison, to comply with § 3062(h). *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007). Violation of § 3062(h) would have subjected him to discipline. *See* Cal. Code Regs. tit. 15, § 3062(m). Any doubt in this regard was resolved by the course of events after Rognirhar filed an administrative grievance requesting a religious

3

exemption from § 3062(h)'s prohibition of facial hair exceeding one-half inch. His request was denied, and Rognirhar was warned that "[a]n inmate who fails to comply with these grooming standards may be deemed a program failure subject to progressive discipline and classification committee review." Rognirhar thus alleged a "genuine threat of imminent prosecution," *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 1999), in his Complaint. He also specifically requested that the defendants "be enjoined from subjecting [him] to any form of discipline for growing [his] facial hair according to [his] faith." With these allegations and plea, Rognirhar indicated sufficient intent to violate the grooming regulation to render his pre-enforcement challenge ripe. *See id*. at 1139-41.

3.      We only partially reach the merits of whether Rognirhar's Complaint stated a claim upon which relief can be granted. The district court sua sponte dismissed the Complaint prior to service on the defendants, who thus did not have the opportunity to respond to Rognirhar's Complaint. Neither did the defendants, on appeal, address whether Rognirhar's Complaint stated a RLUIPA claim upon which relief may be granted. We therefore do not reach the merits of that question. *Cf. Wages v. I.R.S.*, 915 F.2d 1230, 1234-35 (9th Cir. 1990).

4

In contrast, we decide the merits of whether Rognirhar stated a First Amendment claim upon which relief can be granted, because both parties fully briefed this issue on appeal. *See id.* Rognirhar did not allege that § 3062(h) lacks a reasonable relation to valid penological interests and thus failed to state a First Amendment claim on which relief may be granted. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Moreover, the district court did not abuse its discretion in denying Rognirhar leave to amend his Complaint with regard to the First Amendment challenge. *Friedman v. Arizona* rejected a First Amendment challenge to Arizona's inmate grooming policy that prohibited facial hair altogether, holding that the policy "reasonably relates to legitimate penological interests," 912 F.2d 328, 331 (1990). Because a regulation that prohibits *any* facial hair does not violate the First Amendment, it is clear that the deficiencies of Rognirhar's constitutional challenge to § 3062(h) cannot be cured by amendment. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011).

4.     The fact that N. Grannis was responsible solely for denying Rognirhar's administrative grievance does not preclude Rognirhar from stating a claim against Grannis. Grannis's denial of the grievance constituted *part of* the alleged violation against Rognirhar, and enjoining Grannis from denying

5

Rognirhar a religious exemption from § 3062(h) would constitute an effective form of relief.

We **AFFIRM** the district court's judgment with respect to defendants Moore and Russell and with respect to Rognirhar's First Amendment challenge against all defendants. We **REVERSE** with respect to Rognirhar's RLUIPA challenge against defendants Grannis and Cate and **REMAND** for further proceedings.