**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON MEHR; DON'S BAIL BONDS; BOB DRAKE; ROBERT MILLER; ORANGE COUNTY BAIL BONDS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> THE COUNTY OF ORANGE, a Governmental Entity; SANDRA HUTCHENS, an individual, <br><br> Defendants - Appellees. | No. 11-55414 <br><br> D.C. No. 8:09-cv-01158-AG-AN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted June 7, 2012
Pasadena, California

Before: TROTT and THOMAS, Circuit Judges, and DUFFY, District Judge.[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiffs appeal the dismissal of their claim on summary judgment. Counsel did not file a timely response to the Defendants' Rule 36 requests for admission or to the motion for summary judgment. The district court properly exercised its discretion in striking the untimely filings. See C.D. Cal. R. 7-12 (allowing court to "decline to consider" untimely filings). Defendants were entitled to summary judgment both on the basis of the deemed admissions and the complete lack of timely submitted factual evidence countering Defendants' claim that they were entitled to judgment as a matter of law. No discovery dispute excused counsel's obligation to comply with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California .

Counsel also appeals the district court's imposition of sanctions. The court appropriately sanctioned counsel for repeatedly filing ex parte motions requesting relief that had previously been denied and after counsel had been admonished that ex parte filings were improper. See, e.g., Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990) (holding that "continually moving for alterations in the district court's original judgment despite that court's clear unwillingness to change its mind" justified sanctions). The court also properly exercised its discretion in sanctioning counsel for publicly filing documents counsel knew were subject to a protective order requiring that they be filed under seal. See Reno Air Racing Ass'n v.

2

McCord, 452 F.3d 1126, 1130 (9th Cir. 2006) (sanctions appropriate for "party's disobedience to a specific and definite court order" (internal quotation marks omitted)).

**AFFIRMED.**