

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MESQUITE GROVE CHAPEL, an Arizona not-for-profit corporation; et al., | No. 13-16633 |
| Plaintiffs - Appellants, | D.C. No. 4:10-cv-00769-JR |
| v. | MEMORANDUM[*] |
| CARMINE DEBONIS, JR., in his capacity as Pima County Chief Zoning Inspector, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jacqueline Rateau, Magistrate Judge, Presiding

Argued and Submitted November 17, 2015
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Mesquite Grove Chapel ("Mesquite") and Debi Fazio appeal the district

court's determination on summary judgment that Pima County Chief Zoning

Inspector Carmine DeBonis, Jr. (the "Inspector") did not substantially burden

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Mesquite's religious exercise under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). After Mesquite applied for permits to develop land zoned for church use, the Inspector determined that Mesquite's proposed use did not meet the Pima County zoning code's definition of "church." The Pima County Board of Adjustment affirmed. Mesquite brought this action in Arizona Superior Court alleging violations of the First Amendment and RLUIPA alongside state law claims.

The Defendants removed the case to federal court. On January 4, 2013, the district court entered an order granting summary judgment to the Defendants on all claims. On the federal claims against the Inspector, it held that he had absolute immunity and that there was insufficient evidence for any fact-finder to find a substantial burden under RLUIPA. On June 19, 2013, in response to Mesquite's Rule 59 motion for a new trial, the district court reversed its absolute immunity determination, but affirmed its prior RLUIPA decision. That disposition, however, contained a clerical error causing it to deny Defendant's motion for summary judgment rather than grant it. On July 17, 2013, after a Rule 60 motion, the district court corrected the error.

Mesquite filed a notice of appeal on August 13, 2013. On appeal, it challenges the district court's grant of summary judgment to the Inspector on the RLUIPA claim and, in response, the Inspector invokes absolute immunity.

We have jurisdiction to consider the appeal of the order granting summary judgment under 28 U.S.C. § 1291. The deadline to file a notice of appeal can be tolled twice by post-judgment motions if the first such motion substantively alters the judgment. *Wages v. IRS*, 915 F.2d 1230, 1233–34 n.3 (9th Cir. 1990). Because the district court mistakenly denied the Defendant's motion for summary judgment in the order disposing of the first post-judgment motion, the district court effected a substantive change in the original grant of summary judgment. Thus, the notice of appeal was timely and we have jurisdiction.

We review summary judgment decisions de novo. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1029–30 (9th Cir. 2004). The district court correctly held that the Inspector does not have absolute immunity. Absolute, quasi-judicial immunity exists if the government official can show that his or her role is "functional[ly] comparab[le]" to that of a judge. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993) (alterations in original) (citations omitted); *Butz v. Economou*, 438 U.S. 478, 512 (1978). To be functionally comparable, the official must be constrained by some of the safeguards present in a

3

judicial setting. *Butz*, 438 U.S. at 512–13. The purpose of this immunity is to ensure that decisionmakers are not influenced by the threat of litigation. *Id.* at 508–09.

The Inspector is not functionally comparable to a judge. Although the Inspector's decisions are reviewable on administrative and judicial appeal and land use decisions can be "contentious," *Buckles v. King Cty.*, 191 F.3d 1127, 1136 (9th Cir. 1999), proceedings before the Inspector are not adversarial and they lack procedural protections. The Inspector also provided insufficient information to conclude that the he is independent. Finally, the Inspector's role is more executive than judicial: the Inspector fails to show that he is bound to render a decision rather than advise on compliance. The Inspector is not entitled to absolute immunity.

Still, Mesquite has not shown a substantial burden on its religious exercise under RLUIPA. 42 U.S.C. § 2000cc(a)(1). We "examine the particular burden imposed" to determine whether it is substantial, that is, "oppressive to a significantly great extent." *Int'l Church of Foursquare Gospel v. City of San Leandro*, 673 F.3d 1059, 1066–67 (9th Cir. 2011) (internal quotation marks omitted). The primary burdens presented here—relocating or submitting a modified application—were not substantial, especially because Mesquite presented no evidence that other sites are unsuitable. Additionally, the Inspector's decision

was not arbitrary or made in bad faith.  Mesquite has failed to show a substantial burden on its religious exercise within the meaning of RLUIPA.

The clerk shall amend the docket to reflect that Carmine DeBonis, Jr. is the sole appellee in light of the parties' agreement at oral argument.

**AFFIRMED.**