NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 26 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM J. MYERS, Jr., AKA William J. Myers,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FREESCALE SEMICONDUCTOR INCORPORATED, a Delaware corporation,<br><br>Defendant-Appellee. | No. 20-16592<br><br>D.C. No. 2:19-cv-05243-MTL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted January 19, 2022**

Before:    SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

William J. Myers, Jr. appeals pro se from the district court's orders granting

defendant's motion for attorney's fees under 28 U.S.C. § 1927 and denying

Myers's post-judgment motion for relief.  We have jurisdiction under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Myers's request for oral argument (Docket Entry No. 4) is denied.

§ 1291.  We review for an abuse of a discretion.  *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135 (9th Cir. 2001) (imposition of sanctions under the court's inherent power); *Wages v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990) (award of 28 U.S.C. § 1927 sanctions).  We affirm.

The district court did not abuse its discretion by awarding fees and costs to defendant as a sanction because Myers "evidenced bad faith in multiplying the proceedings in this case unreasonably and vexatiously."  *Wages*, 915 F.2d at 1235 (citation and internal quotation marks omitted); *see also Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (explaining that courts have inherent power to impose sanctions upon a finding of bad faith); *Wages*, 915 F.2d at 1235-36 ("Section 1927 sanctions may be imposed upon a pro se plaintiff.").

The district court did not abuse its discretion by denying Myers's post-judgment motion for relief because Myers failed to establish any basis for relief.  *See United States v. Estate of Stonehill*, 660 F.3d 415, 443-45 (9th Cir. 2011) (setting forth standard of review for a motion under Federal Rule of Civil Procedure 60(d)(3) and explaining that a party must establish fraud on the court by clear and convincing evidence).

We reject as meritless Myers's contention that the district court was biased.

All pending motions and requests are denied.

**AFFIRMED.**