NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILLING ASSOCIATES NORTHWEST LLC, a Washington limited liability company,

Plaintiff-Appellant,

v.

ADDISON DATA SERVICES LLC, a Texas limited liability company; LESLIE W. KREIS, Jr., a Texas resident; MENEDOZA LINE CAPITAL LLC, a limited liability company; DAVID DURHAM; KORENVAES HORIZON PARTNERS LP, a limited partnership; CHRISTOPHER HARPER, a Texas resident; CORBETT CAPITAL LLC, a limited liability company; PAT CRAINE, a Texas resident; JOE CRAINE, a Texas resident; JOHN AND JANE DOES, fictitious names for persons receiving constructive trust property,

Defendants-Appellees.

No.    23-35198

D.C. No. 2:20-cv-01854-RSM

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted August 20, 2024
Portland, Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA,[**] District Judge.

Billing Associates Northwest LLC appeals the district court's dismissal of its claims against Texas limited liability company Addison Data Services ("ADS") and several individual defendants alleged to be ADS's owners and managers (the "owner/manager defendants"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Calise v. Meta Platforms, Inc.*, 103 F.4th 732, 738 (9th Cir. 2024), we affirm in part, reverse in part, and remand.

1. The district court properly declined to exercise personal jurisdiction over the owner/manager defendants.[1] Nonresident defendants must "have 'certain minimum contacts' with the relevant forum such that the exercise of personal jurisdiction 'does not offend "traditional notions of fair play and substantial justice."'" *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089–90 (9th Cir. 2023) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)), *cert. denied*, 144 S. Ct. 693 (2024). Because Billing Associates does not argue the owner/manager defendants are subject to Washington jurisdiction generally, it

---

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

[1] In the alternative, the district court dismissed the claims against the owner/manager defendants as untimely. Because this merits ruling could affect Billing Associates' ability to pursue the claims in another forum, *see Wages v. IRS*, 915 F.2d 1230, 1234–35 (9th Cir. 1990), we address it as well.

must establish a basis for the district court's jurisdiction specific to the underlying controversy. *See Walden v. Fiore*, 571 U.S. 277, 283–84 & n.6 (2014).

To establish specific personal jurisdiction over a defendant, Billing Associates must show, among other things, that the defendant "purposefully direct[ed] his activities or consummate[d] some transaction with the forum or resident thereof; or perform[ed] some act by which he purposefully avail[ed] himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Herbal Brands*, 72 F.4th at 1090 (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004)). "[J]urisdiction over each defendant must be established individually." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990). "[A] person's mere association with a corporation that causes injury in the forum state is not sufficient in itself to permit that forum to assert jurisdiction over the person." *Davis v. Metro Prods., Inc.*, 885 F.2d 515, 520 (9th Cir. 1989).

Billing Associates does not allege any specific actions taken by defendants Mendoza Line Capital, LLC, Korenvaes Horizon Partners, L.P., Corbett Capital, LLC, David Durham, Pat Craine, or Joe Craine. Consequently, it fails to show that these defendants purposefully directed their conduct toward Washington. A defendant's awareness that the plaintiff will suffer harm in the forum state is not sufficient. *See Walden*, 571 U.S. at 290.

3

Defendant Leslie W. Kreis, Jr. formed ADS and arranged for it to purchase ADS Delaware's assets, including the contracts with Billing Associates, but nothing in the record suggests that Kreis personally directed conduct toward Washington. *See id.* (holding that defendant's out-of-state preparation of false document used to wrongfully withhold funds from forum resident did not "connect[] him to the forum in a meaningful way"). The transaction was between two Texas-based limited liability companies, and non-defendant Michael Collier caused Billing Associates to consent to the contracts' assignment.

Defendant Christian Harper likewise did not direct relevant conduct toward Washington. He did not join ADS until after ADS took over the contracts with Billing Associates. Although Harper allegedly offered to turn over the landlords' tenant utility payments in exchange for a new contract with Billing Associates, the claims against Harper are for conspiring to cover up the transfer of the funds out of ADS, not for offering to return them to the landlords. *See Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 264 (2017) (explaining that without a connection between the forum and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State").

Because Billing Associates failed to show that any of the owner/manager defendants have the requisite minimum contacts with Washington, we affirm the district court's dismissal of these defendants for lack of personal jurisdiction.

2. The district court erred in ruling that the bankruptcy settlement agreement bars Billing Associates' claims. Although Billing Associates released ADS from all claims that arose before the bankruptcy court approved the settlement agreement, the agreement exempts "any claims against the bankruptcy estate" that are "related to" an "agreement between the parties concerning post-petition access to the estate's [Starnik] database." Billing Associates alleges that the database "contained the information upon which [the second amended complaint] is based." It is ambiguous whether the exemption covers only disputes about access, as ADS argues, or applies more broadly to claims discovered through access to the database. Because ambiguities are normally construed against the drafting party, *see Perthuis v. Baylor Miraca Genetics Lab'ys, LLC*, 645 S.W.3d 228, 241 (Tex. 2022), it is not clear from the face of the second amended complaint that Billing Associates released its claims in the settlement agreement. *See Nacarino v. Kashi Co.*, 77 F.4th 1201, 1203 (9th Cir. 2023). Therefore, we reverse the dismissal on this ground.

3. The district court erred in ruling that Billing Associates' claims are untimely. All the claims are subject to Texas's four-year statute of limitations.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004(a)(5) (breach of fiduciary duty); *Agar Corp. v. Electro Circuits Int'l, LLC*, 580 S.W.3d 136, 143 (Tex. 2019) (civil conspiracy).

Billing Associates allegedly discovered its claims against ADS during the initial bankruptcy proceedings, and it filed the complaint exactly four years after the proceedings ended. Because "filing for bankruptcy tolls the running of limitations," *Citibank N.A. ex rel. NRZ Pass-Through Tr. VI v. Pechua, Inc.*, 624 S.W.3d 633, 639 (Tex. Ct. App. 2021), Billing Associates timely filed its claims against ADS.

Billing Associates allegedly discovered its own claims against the owner/manager defendants "[a]fter the ADS [bankruptcy] was initially closed in December 2016," when "Billing Associates received further information for the first time that revealed ADS transferred the Tenant Payments directly to the [owner/manager] Defendants." Thus, the claims are timely regardless of whether Texas would toll the limitations period during ADS's bankruptcy.

Billing Associates does not allege if—let alone when—the bankruptcy trustee discovered ADS's claims against the owner/manager defendants that Billing Associates asserts derivatively. Billing Associates alleges only that the trustee "obtained the right to access" the Starnik database during the initial bankruptcy proceedings and that she "never pursued or resolved any claims against

6

the [owner/manager] Defendants." Billing Associates had no obligation "to plead around affirmative defenses." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019). Because it is not clear from the second amended complaint that Billing Associates' derivative claims are time-barred, they should not have been dismissed. *See Nacarino*, 77 F.4th at 1203.

Therefore, we reverse the district court's dismissal of Billing Associates' claims as untimely.

4. The district court erred in ruling that Texas's one-satisfaction rule bars Billing Associates' claims. "Where a party seeking recovery has previously settled, the one-satisfaction rule manifests itself in the form of a settlement credit." *Bay, Ltd. v. Mulvey*, 686 S.W.3d 401, 406 (Tex. 2024). Billing Associates alleges that it suffered more than $1.6 million in damages and received substantially less than that from the bankruptcy settlement.[2] The one-satisfaction rule does not bar Billing Associates from seeking to recover the shortfall, and we reverse the district court's contrary conclusion.

\*　　\*　　\*

---

[2] The parties dispute the amount of the settlement credit. ADS argues for a credit of $653,534.67—the full amount of Billing Associates' allowed, unsecured claims in the bankruptcy proceeding—whereas Billing Associates alleges that it recovered less than $200,000 from the bankruptcy estate. We need not resolve the issue here.

We affirm the district court's dismissal of the owner/manager defendants for lack of personal jurisdiction. We reverse the district court's rulings that the settlement agreement, the statute of limitations, and the one-satisfaction rule bar Billing Associates' claims. On remand, the district court should consider ADS's remaining arguments for dismissal.

Each party shall each bear its own costs.

**AFFIRMED in PART; REVERSED in PART; REMANDED.**