**Joseph IVY; Stevens and Gail Marie; Stevens, Plaintiffs,**

**v.**

**James L. MASON, et al., Defendants.**

**Civil No. 98–0151–E–BLW.**

United States District Court, D. Idaho.

July 2, 1998.

---

Joseph Ivy Stevens, Medimont, ID, pro se.

Gail Marie Stevens, Medimont, ID, pro se.

Richard R. Ward, U.S. Dept of Justice, Tax Division, Washington, DC, for James L. Mason, Walter L. Hutton, Timothy A. Towns, Deborah S. Decker, Greg Moran, Randy K. Harper, K.D. Matson, John Does 1–25, Jane Does 1–25.

Dennis M. Davis, Mark A. Ellingsen, Witherspoon Kelley Davenport & Toole, Coeur d'Alene, ID, for First Security Bank of Idaho, N.A., Mike Dressen.

Alva A. Harris, Shelley, ID, for David C. Ledbetter, Patricia A. Ledbetter.

R. Wayne Sweney, Lukins & Annis, Coeur d'Alene, ID, for Washington Trust Bank, Richard Shand.

John Magel, Elam & Burke, Boise, ID, for U.S. Bank.

## MEMORANDUM DECISION AND ORDER

WINMILL, District Judge.

The Court has before it three motions to dismiss, each of them filed by a separate defendant or group of defendants to this action. In addition, the Court has before it several other types of motions, the rulings on which depend to varying degrees on the resolution of the motions to dismiss. Oral argument is not required to resolve the motions. The Court has considered all of the motions and now enters the following Memorandum Decision and Order.

## MEMORANDUM DECISION

Plaintiffs Joseph Ivy; Stevens and Gail Marie; Stevens, residents of the State of Idaho, brought this action pro se against various employees of the Internal Revenue Service ("IRS"), banks, and bank employees, alleging violations of their rights under the Fourth and Fifth Amendments of the Constitution of the United States. Although the complaint is difficult to understand, it appears that Plaintiffs trace their constitutional grievances to efforts by the IRS to seize Plaintiffs' property in satisfaction of tax liabilities. Plaintiffs sued the banks and their employees for somehow aiding and abetting the IRS in these collection efforts. Plaintiffs' overriding contention appears to be that they had no tax liability because they never signed a contract granting the IRS, or the United States for that matter, jurisdiction over them.

Three defendants, or groups of defendants, filed separate motions to dismiss Plaintiffs'

claims against them. The Court will address each such motion separately.

### IRS Defendants' Motion to Dismiss

Defendants James Mason, Walter Hutton, Joseph Carlson, Timothy Towns, Deborah Decker, Greg Morgan, Randy Harper, and K.D. Matson ("the IRS Defendants") jointly filed a motion to dismiss the claims against them for (1) improper service of process and (2) failure to state a claim upon which relief may be granted. The Court will begin by addressing the second contention.

■ As the IRS Defendants point out, Plaintiffs' claims against them appear to be of the type recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In *Bivens,* the Supreme Court recognized a claim for damages resulting from the violation of an individual's constitutional rights by federal employees. Here, Plaintiffs contend that the IRS Defendants violated their rights under the Fourth and Fifth Amendments of the Constitution in attempting to collect taxes improperly imposed upon Plaintiffs. However, *Bivens* actions do not lie in the arena of tax collection because Congress has granted taxpayers ample other means by which to redress improperly-levied taxes. *See Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.1990). As such, Plaintiffs' allegations against the IRS Defendants fail to state a claim upon which relief can be granted. Moreover, the Court concludes that Plaintiffs could not amend their complaint to allege facts sufficient to overcome this deficiency. As such, the motion to dismiss will be granted, and the Court need not address the IRS Defendants' objections to the sufficiency of service.

### The Washington Trust Bank Defendants' Motion to Dismiss

Defendants Washington Trust Bank and Richard Shand ("the Washington Trust Bank Defendants") filed a motion to dismiss for (1) insufficient service of process, (2) lack of personal jurisdiction, (3) lack of subject-matter jurisdiction, and (4) failure to state a claim upon which relief may be granted. The Court will address the last contention first.

The Washington Trust Bank Defendants argue that Plaintiffs' complaint fails to state a claim upon which relief may be granted because it fails to allege that those defendants engaged in any conduct that may be considered "state action." "A threshold requirement of any constitutional claim is the presence of state action." *Duffield v. Robertson Stephens & Co.,* 144 F.3d 1182, 1200 (9th Cir.1998). The conduct of private parties may be considered "state action" if that conduct is " 'fairly attributable' " to the state. *Id.* (quoting *Lugar v. Edmonson Oil Co.,* 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). A private action may be "fairly attributable" to the state in one of three ways:

First, [t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State. . . . The complaining party must also show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action may fairly be treated as that of the State itself. The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. . . .

Second, . . . a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State. Mere approval or acquiescence in the initiatives or [sic] a private party is not sufficient to justify holding the State responsible for those initiatives. . . .

Third, the required nexus may be present if the private party has exercised powers that are traditionally the exclusive prerogative of the State.

*Id.* (quoting *Blum v. Yaretsky,* 457 U.S. 991, 1004–05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (internal quotations and citations omitted)).

Plaintiffs filed no direct response to the Washington Trust Bank Defendants' motion to dismiss. However, the state action argument was also raised by other defendants in a motion to dismiss. In response to that

motion, Plaintiffs elected to avoid the merits of all issues raised, including the state-action issue. Instead, Plaintiffs moved the Court to strike the motion on unsupported technical grounds, such as the improper captioning of the motion, which somehow renders Plaintiffs without an Article III forum to resolve their action, and the movants' failure to precisely punctuate Plaintiffs' names, which somehow defrauds them of their legal rights.[1]

█ Plaintiffs bear the burden of establishing the elements of their claims. Their sole allegation against the Washington Trust Bank Defendants is that they somehow aided or abetted the IRS Defendants in their collection efforts. Even when faced with a motion to dismiss on state-action grounds, Plaintiffs failed to allege state action and chose to set forth no facts or argument at all supporting the existence of state action on the part of the Washington Trust Bank defendants. Thus, they have failed to state a viable claim against those defendants.

Moreover, the Court cannot imagine that Plaintiffs could cure this deficiency through an amendment to their complaint. The Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes." *Wages,* 915 F.2d at 1235. This is so, in part, because the constitutional rights of taxpayers are adequately safeguarded by their right to challenge an assessment in court after it has been levied. *See id.* Apart from these legal obstacles, the Court finds it highly improbable that Plaintiffs can in good faith submit factual allegations amounting to "state action."

For these reasons, the Washington Trust Bank Defendants' motion to dismiss will be granted. The Court need not address the other asserted grounds for dismissal.

### *U.S. Bank National Association's Motion to Dismiss*

Defendant U.S. Bank National Association filed a motion to dismiss also arguing the state-action issue, as well as an alternative motion for a more definite statement. Plaintiffs' factual allegations are no more developed regarding this defendant than regarding the Washington Trust Bank Defendants. As such, the same reasoning applies here, and Defendant U.S. Bank National Association's motion to dismiss will be granted.

### *Remaining Motions*

Plaintiffs have moved for the entry of a default judgment against each Defendant. As to the defendants whose motions to dismiss have been granted, these motions obviously must be denied.

As to Defendants First Security Bank of Idaho, N.A., and Michael Dressen ("the First Security Bank Defendants"), the motions must also be denied. The First Security Bank Defendants timely filed an answer to Plaintiffs' complaint. Plaintiffs moved to strike the answer, and the First Security Bank Defendants moved to strike both Plaintiffs' motion to strike their answer and Plaintiffs' motion for default judgment against them. Plaintiffs' motion to strike the answer is untimely since it was not submitted within 20 days after service of the answer upon them. *See* Fed.R.Civ.P. 12(f). Further, it provides no legal or factual basis for striking the answer. Moreover, since the answer was timely, Plaintiffs have no colorable basis on which to seek default judgment against the First Security Bank Defendants. Thus, the Court will not only deny the motions for default judgment against these defendants, but will strike Plaintiffs' motions from the record under Rule 12(f) of the Federal Rules of Civil Procedure.

Additionally, the Court must deny Plaintiffs' motions for default judgment against David Ledbetter and Patricia Ledbetter. Plaintiffs have failed to comply with Rule 4 of the Federal Rules of Civil Procedure regarding service of process. These defendants, as well as other defendants to this action, were served by certified mail. This does not satisfy the requirements of Rule 4 or of the applicable state rules of civil procedure. Since nothing in the record indicates that these defendants waived service, the Court lacks jurisdiction to enter default judgment against them.[2] *See* 10 Charles Alan Wright,

---

1. Plaintiffs' motions to strike the pleadings submitted by Defendants on these grounds are denied. Those submissions conform to the requirements of this District.

2. Despite the fact that the other defendants were also not properly served, the Court has jurisdiction to grant their motions to dismiss for failure

Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2682 (2d ed.1983). Plaintiffs are put on notice that failure to properly serve David Ledbetter and Patricia Ledbetter by August 13, 1998, in accordance with Rule 4(m) will result in sua sponte dismissal of Plaintiffs' claims against them.

 Finally, the Washington Trust Bank Defendants have moved for sanctions against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' complaint is frivolous and interposed for the purpose of harassment. The Court agrees that Plaintiffs' claims are utterly without legal merit and finds them to be based upon unreasonable views of the doctrine of federalism, which are unsupported by any credible interpretation of the Constitution. Their pro se status does not shield them from Rule 11 sanctions for pursuing claims that are neither warranted by existing law nor based upon a good faith argument for modification or reversal of existing law. Accordingly, the motion for sanctions will be granted, and sanctions shall be awarded to the movants in the amount of the costs and attorney fees incurred in defending this action. The Washington Trust Bank Defendants shall within 14 days from the date of this Order submit an affidavit detailing those costs and fees. Plaintiffs shall have 14 days to object to the submission. Thereafter, the Court will enter an appropriate award. As such, Plaintiffs cross motion for sanctions against the Washington Trust Bank Defendants is denied.

### ORDER

In accordance with the views expressed in the above Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED, that Defendants' motions to dismiss (Docket Nos. 4, 8, part 1, and 44) shall be, and the same are hereby, GRANTED. Plaintiffs claims against those Defendants are DISMISSED with prejudice in their entirety.

IT IS FURTHER ORDERED, that the alternative motion for a more definite statement (Docket No. 8, part 2) shall be, and the same is hereby, rendered MOOT.

IT IS FURTHER ORDERED, that Plaintiffs' motions to strike (Docket Nos. 38, part 1, 39, part 1, 40, part 1, 41, part 1, 50, part 1, 51, part 1, 52, part 1, 53, part 1, 54, part 1, 55, part 1, 56, part 1, and 57, part 1) shall be, and the same are hereby, DENIED.

IT IS FURTHER ORDERED, that Plaintiffs' motions for default judgment (Docket Nos. 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, part 2, 39, part 2, 40, part 2, 41, part 2, 42, 43, 50, part 2, 51, part 2, 52, part 2, 53, part 2, 54, part 2, 55, part 2, 56, part 2, and 57, part 2) shall be, and the same are hereby, DENIED.

IT IS FURTHER ORDERED, that the Washington Trust Bank Defendants' motion for sanctions against Plaintiffs (Docket No. 49) shall be, and the same is hereby, GRANTED. The Washington Trust Bank Defendants will be awarded their costs and fees incurred in defending this action. They shall submit an affidavit of such costs and fees within 14 days from the date of this Order. Plaintiffs shall then have 14 days to object to the submission. The Court will thereafter enter an appropriate award.

IT IS FURTHER ORDERED, that Plaintiffs' motion for sanctions (Docket No. 52, part 3) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED, that the First Security Bank Defendants' motion to strike (Docket No. 58) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED, that Plaintiffs shall properly serve their complaint upon David Ledbetter and Patricia Ledbetter by August 13, 1998, or their claims against those defendants will be dismissed by the Court sua sponte.

to state a claim upon which relief can be granted. *See Wages,* 915 F.2d at 1234–35 n. 5.