The PEOPLE OF CALIFORNIA, ex
rel. Robert S. ERVIN, Citizen
in Party, Petitioner,

v.

DISTRICT DIRECTOR, Modesto, Cali-
fornia, Internal Revenue Service, in
his individual capacity, and Does I–
XX, Respondent.

No. CV–F–01–5825 REC.

United States District Court,
E.D. California.

Sept. 14, 2001.

Robert S. Ervin, Modesto, Pro se.

G. Patrick Jennings, United States Department of Justice, Tax Division, Washington, DC, for Respondent.

ORDER SUBSTITUTING UNITED STATES AS PROPER PARTY RESPONDENT, GRANTING MOTION TO DISMISS, AND DIRECTING ENTRY OF JUDGMENT FOR RESPONDENTS

COYLE, District Judge.

On September 10, 2001, the court heard the United States' Motion to Dismiss. No appearance was made by or on behalf of petitioner, Robert S. Ervin.

On May 20, 2001, Robert S. Ervin filed a "Verified Petition for Writ of Mandamus or Writ of Certiorari, Prohibition or other Writ as the Court deems appropriate remedy [Code of Civil Procedure § 1085, 1086, 1102, 1103]" in the Stanislaus County Superior Court. Petitioner is described as "The people of California, ex rel Robert S. Ervin, Citizen in Party". Respondents are "District Director, Modesto, California, Internal Revenue Service, in his individual capacity, and Does I–XX". The Petition alleges in pertinent part:

> 5. Petitioner on several separate occasions, as evidenced by Exhibits contained herein, requested, pursuant to the Administrative Procedures Act, an '*Impartial Adjudicatory Administrative Appeal Hearing for Formal Decision Regarding the Rights of the Parties, Merits of the Action, Taxpayer Status, Review of Jeopardy Procedures and Appeal Alleging Procedural Errors in the Filing of Notice of Tax Lien/Levy.*' All such requests were ignored and thereby denied as a violation of Petitioner's Rights to Due Process of the Law.
>
> 6. The right of petitioner to be secure in his/her person, house, papers and effects against and [sic] unreasonable government seizure, is an unalienable right mandated in the 4th Amendment of the Bill of Rights to the Constitution of the United States, as well as the 1849 California Constitution . . . .

> 7. The duty of the respondent to adhere to unalienable rights of Petitioner is mandatory and non-discretionary. The Bill of Rights makes no exceptions for any Department or Agency of the Government, or for any individual working for them. The 4th and 5th Amendments were . . . created to prohibit the arbitrary, unlawful attack by the Government on a Citizen's private property and to afford all Citizens the right to due process and must be afforded an opportunity for a fair and impartial hearing to render any defense he may have, prior to and not after the taking of their private property.
>
> 8. Petitioner has filed all proper claims and has adhered to all administrative remedies and requirements imposed by 26 U.S.C. § 6343, authority to release Lien and return property, 26 CFR § 301.6343–1.(b)(2). Request for return of property, Public Law 104–168 (July 30, 1996) 110 STAT. 1460, 501(b) [amending 26 U.S.C. § 6326], Federal Register, Vol. 56, No. 206, Thurs., Oct. 24, 1991, *Administrative Appeal of Liens,* 26 U.S.C. 6326, 26 CFR 301.6326–1(b)(2), *Appeal Alleging Error in the Filing of Notice of Lien.* As supported by Exhibits contained herein, such claims were properly and timely made. Many of these remedies were created by Congress July 30, 1996, in the Taxpayer's Bill of Rights II; however, new rights that are not enforceable are no rights at all.
>
> 9. The Respondent had 30 days to dispute Petitioner's Claim but has defaulted. Such matter therefore stands *res judicata,* in favor of Petitioner and Respondent has a ministerial and non-discretionary duty to Petitioner to remove all erroneous, liens and levies and return all earnings and bank accounts, unlaw-

fully seized from Petitioner, if applicable.

10. The respondent has persistently ignored his/her congressionally mandated ministerial duties to Petitioner, placing the burden of enforcement on this court. It appears to be the position of respondent that he is above the law. Unless precedents are set and respondent is severely penalized for such unlawful abuses of the rights of Citizens, this unjust policy will continue, further corroding America's faith in the justice of government agencies. Such abuse of duty will continue clogging an already over crowded Court system.

11. Petitioner has complied or has attempted to comply with all Administrative Procedures and was ignored by Respondent and denied all such redress of grievances. All such remedies have, thereby, been exhausted.

Petitioner has complied with all terms of 26 U.S.C. 6326 and 26 C.F.R. 301.6326. 26 C.F.R. 301.6326–1(b)(2)(f) states; '. . . (f) *Exclusive Administrative Remedy.* The appeal established by section 6326 of the Internal Revenue Code shall be the exclusive administrative remedy with respect to the erroneous filing of Notice of Tax Lien.'

Further, Petitioner has made proper and timely protests against unlawful Proposed Assessments, Notices and written claims for the return of his/her unlawfully levied bank accounts and earnings. All such claims have been ignored. While the purpose of exhausting administrative remedies is to try to settle disputed matters with the agency prior to burdening the court system, the respondents having an obviously biased interest in retaining Petitioner's property, have used this provision to deny Petitioner due process of the law, on a technicality.

12. Petitioner has consistently demanded performance by Respondents, as evidenced by the exhibits attached hereto, and has consistently been ignored and, thereby, denied. At all times herein mentioned, respondent has been able to perform the ministerial responsibilities as stated herein, but continues to fail to exercise ministerial duty.

13. Petitioner has a beneficial interest in all money, and property rights unlawfully and erroneously levied and liened, and attempted to be levied and liened by said taxing agency, constituting his/her own private earnings, bank accounts and liens against any future properties which may be acquired by him in the future.

14. Petitioner has no plain, speedy, and adequate remedy in the ordinary course of law other than the relief sought in this petition as there is no other lawful method to compel the performance of a Government employee to perform his or her mandated ministerial duties, in the interest of justice.

15. If this petition is not granted, Petitioner shall suffer imminent, great and irreparable harm.

16. Whereas, the deliberate bad-faith refusal of the respondent to perform such ministerial duty owed to Plaintiff [sic] has continued for quite some time, during which Petitioner was deprived of money, property and/or lien or liens on his/her person. Failure to perform duty by Respondent has resulted in mental anguish, embarrassment, and defamation of character to employer, bank, creditors, and others, creating additional damages to Petitioner.

The Petition prays for the following relief:

1. That the court issue a peremptory writ in the first instance commanding respondent to:

a) Issue signed Release of Levy for the years 1990 and 1998;

b) Issue signed Releases of Liens for the years 1990 and 1998;

c) Return property belonging to Petitioner, to which he has an immediate right to the legal, beneficial and possessory interest thereof, if applicable; and

d) Cease and desist all future collection activity against Petitioner until such a time as respondent can substantiate the claim with evidence and adhere to proper administrative procedure;

2. That the court, alternatively, first issue a writ commanding respondent(s) to perform the above ministerial duties or in the alternative, appear to show cause and provide evidence why they have no duty to do so, verifying that such information is true and correct, under the penalty of perjury of the State of California;

3. For damages as this Court deems just; and

4. For costs of this proceeding and for such other and further relief as the honorable court deems appropriate.

Although the Petition refers to attached exhibits, the only attachments are a memorandum of points and authorities and a declaration by Robert S. Ervin, wherein he avers in pertinent part:

3. I am domiciled in Stanislaus County, California, where I have occupied such status since approximately 1994.

4. I am engaged in a private, nongovernmental occupation of common right in Stanislaus County, California.

5. The Notice of Federal Tax Lien was recorded in Stanislaus County, California.

6. The County Recorder's office was served with copies of the erroneous Notice of Lien in May 1990 and April 1995, by mail.

7. I was served with copies the [sic] erroneous Notice of Lien in May 1990 and April 1995, by mail.

8. I am not subject to the *'Public Salary Tax Act of 1939,'* 53 Stat. Chap. 59, Title I § 1, or the *'Buck Act,'* 4 U.S.C., Chapter 4, § 101–113.

9. I am none of the persons upon whom the Department of the Treasury—Internal Revenue Service has the jurisdictional authority to levy, pursuant to 26 U.S.C. 6331(a) and C.F.R. 301.6331(a)(4)(I)(ii)(iii), and *20 Fed Proc. L.Ed. § 48.548.* (See Points and authorities)

10. I hereby, attest that I am not, an officer, employee or elected official of the United States, or of the District of Columbia or of any agency or instrumentality of the United States or of the District of Columbia.

11. Municipality or a seaman, or the recipient of a pension as a retired State employee upon whom the Department of the Treasury–Internal Revenue Service has been delegated any the authority, by Congress, to lien/levy [sic].

12. I am 'nonresident to,' and have 'no minimum contacts' with, the United States, the U.S. Government or 'in this State,' as such terms are defined in 26 USC 7701(a)(9)(10), the State Government Code, and the State Revenue and Taxation Code, relating to the personal or individual income taxes, defining State as, 'the District of Columbia,' or Public Law No. 8177—the 'Buck Act,' Title 4 U.S.C., Chapter 4, § 101–113, which defines, 'in this State,' as federal enclaves and federal areas, existing within the exterior boundaries of the sovereign De Jure state, which have lawfully been ceded to the United States, for the erection of forts, Magazines, arsenals or other needful buildings. I am also nonresident to any oth-

er 'state of the forum,' having its origin and deriving its jurisdiction from the authority of: *Article I, § 8, Cl. 17 and Article IV, § 3, Cl. 2* of the Constitution of the United States.

13. I have never earned income within, or effectively connected to a *'trade of business'* [sic] with the U.S. Government, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, Guam, America Samoa, or any other territory, federal enclave or instrumentality within the United States.

14. I was not born if a 'territory' over which the United States is sovereign. I am not a United States *'citizen subject to its jurisdiction'*, a 'federal citizen, owing their citizenship to Acts of Congress, or any other citizen over whom Congress may exercise exclusive jurisdiction, in all cases whatsoever.'

15. I am a natural born de jure Citizen, domiciled in California, one of the several states *of the* United States of America, under Constitution of the United States and under the law. I am one of the sovereign people, and a constituent member of the political body that forms the sovereignty of these United States. Although, in the territories belonging to it, the United States is sovereign over its subject citizens, in the several states, it is the people as Creators of the Constitution and the government who are sovereign over the United States.

16. Such citizens may not be compelled in any act against their consent, which would deprive them of any substantial right or property.

. . . . .

17. I am not engaged in any 'trade or business' within, or 'effectively connected to,' the United States, or 'in this State,' as such terms are defined in 26 U.S.C. and 26 CFR and the Revenue and Taxation Code of the STATE Income tax department or agency.

18. I am not involved in any form of interstate commerce.

19. I am not involved in any form of Revenue Taxable Activity, including but not limited to, alcohol, tobacco, firearms, wagering and/or narcotics or controlled substance distribution.

On June 27, 2001, the United States removed the Petition to this court pursuant to 28 U.S.C. § 1442.

The United States has filed a Motion to Dismiss

A. *United States as Proper Respondent.*

■ The United States is entitled to be substituted as the proper party respondent to the extent that the respondents named in the Petition are sued because of action taken by Internal Revenue Service employees in their official capacities. Such a suit is a suit against the United States. *Ferrel v. Brown,* 847 F.Supp. 1524, 1526 (W.D.Wash.1993), *aff'd,* 40 F.3d 1049 (9th Cir.1994); *see also Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir. 1985).

■ However, as noted, respondent is the "District Director of the Internal Revenue Service, in his/her personal capacity". "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' ... or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.' ...." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963).

Here, there can be no question that the relief sought by the petition would result in a judgment recoverable against the public treasury, would interfere with public

administration of the federal income tax laws, and would restrain the Government from acting or compelling it to act.

■ There are exceptions to this general rule. An action against a federal official in his official capacity is not a suit against the United States if the suit alleges that actions were taken by a federal official beyond his or her statutory powers or, even though within the scope of his or her authority, the powers themselves or the manner in which they are exercised are constitutionally void. *Malone v. Bowdoin*, 369 U.S. 643, 647, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962); *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 701–702, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). "The mere allegation that the officer, acting officially, wrongfully holds property to which the plaintiff has title does not meet [the] requirement [that it must also appear that the action to be restrained or directed is not action of the sovereign]. True, it establishes a wrong to the plaintiff. But it does not establish that the officer, in committing that wrong, is not exercising the powers delegated to him by the sovereign." *Larson, id.*, 337 U.S. at 693, 69 S.Ct. 1457.

The United States argues that the petition does not contain allegations from which it may be inferred that either of these exceptions apply. First, the Petition does not allege that respondents have acted outside the scope of their authority in assessing and collecting taxes. Second, although the Petition challenges the powers that are vested in respondents' official duties, the challenges to those powers have been repeatedly and summarily denied as frivolous, i.e., that he is not a resident of the District of Columbia or any United States territory and does not engage in any activity that generates taxable income. *See e.g. In re Becraft*, 885 F.2d 547, 548 (9th Cir.1989); *United States v. Ward*, 833

F.2d 1538, 1539 (11th Cir.1987), *cert. denied*, 485 U.S. 1022, 108 S.Ct. 1576, 99 L.Ed.2d 891 (1988); *Lovell v. United States*, 755 F.2d 517, 519 (7th Cir.1984); *Parker v. Commissioner*, 724 F.2d 469, 471 (5th Cir.1984); *United States v. Romero*, 640 F.2d 1014, 1016 (9th Cir.1981).

The court concludes that the United States should be substituted as the proper party defendant with respect to all claims made in the Petition, save one. As will be discussed *infra*, petitioner's remedy for the alleged failure of the named respondents to act is pursuant to 26 U.S.C. § 7433. Section 7433(a) specifically provides that such an action is brought against the United States. Moreover, notwithstanding the allegations of individual capacity, it is clear that all actions taken or not taken by the individual respondents were taken in the course of the administration of the federal income tax laws.

However, as noted and as will be discussed *infra*, petitioner alleges that the named respondents have violated his constitutional rights under the Fourth and Fifth Amendments. Such a claim may be brought against respondents in their individual capacities and the United States is not a proper respondent with respect to such claims. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1459 (9th Cir.1985). Nonetheless, as will be discussed *infra*, no cause of action exists against individual officials of the Internal Revenue Service for violation of constitutional rights arising out of federal tax collection efforts. Consequently, although the United States is not the proper defendant with respect to such a claim, the claim itself cannot proceed.

B. *Anti–Injunction Act and Declaratory Judgment Act.*

1. *Anti–Injunction Act.*

■ The United States moves to dismiss the Petition to the extent that the

Petition prays to enjoin IRS collection activities.

26 U.S.C. § 7421(a) provides in pertinent part:

Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6225(b), 6246(b), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not the person is the person against whom such tax was assessed.

It does not appear that any of the exceptions listed in Section 7421(a) have any application to this Petition.[1]

■ An action that does not fall within one of the statutory exceptions to the Anti–Injunction Act must be dismissed for lack of subject matter jurisdiction. *Sokolow v. United States*, 169 F.3d 663, 665 (9th Cir.1999). Thus, ordinarily, once a tax has been assessed, the taxpayer's only recourse is to pay the tax in full and then sue for a refund. *Id.*

■ However, there is also a judicial exception to the Anti–Injunction Act. "[A]n injunction may be obtained against the collection of any tax if (1) it is 'clear that under no circumstances could the government ultimately prevail' and (2) 'equity jurisdiction' otherwise exists, i.e., the taxpayer shows that he would otherwise suffer irreparable injury." *Commissioner v. Shapiro*, 424 U.S. 614, 627, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962)). The burden is on the taxpayer to establish both prongs of the test and, unless both prongs of the test are met, a suit for injunctive relief must be dismissed. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). As explained in *Erickson v. Luke*, 878 F.Supp. 1364, 1372 (D.Idaho 1995):

Whether the Government has a chance of ultimately prevailing is to be determined based upon the information available to the Court at the time of the filing of the action ... The taxpayer bears the burden of showing that the Government's claim is baseless ....

To meet the second prong of the test, the taxpayer "must show that he has no adequate remedy at law and that denial of injunctive relief would cause him immediate, irreparable injury." *Jensen v. IRS*, 835 F.2d 196, 198 (9th Cir.1987).

In responding to this portion of the Motion to Dismiss, petitioner argues that Section 7421(a) is not applicable "because Defendant [sic] was not acting within the

---

**1.** Section 6015(e) provides for petition for review by the United States Tax Court. Section 6212(a) provides for notice of deficiency. Section 6212(c) restricts further notices of deficiency. Section 6213(a) sets forth the time after a notice of deficiency is issued to petition the United States Tax Court for relief. Section 6225(a) provides restrictions on assessment and collection attributable to a partnership. Section 6246(b) provides for an injunction against premature action with respect to a partnership adjustment. Section 6330(e)(1) pertains to suspension of specified actions during the pendency of a hearing before levy pursuant to Section 6330(a). Section 6331 pertains to levy and distraint. Section 6331(i) provides for an injunction notwithstanding Section 7421(a) for "any unpaid divisible tax". Section 6672 pertains to the failure to collect and pay over tax or attempt to evade or defeat tax. Section 6694 pertains to the understatement of a taxpayer's liability by an income tax return preparer. Section 7426 pertains to civil actions by persons other than taxpayers. Section 7429 pertains to review of jeopardy levy or assessment procedures. Section 7436 pertains to proceedings for determination of employment status.

scope of Defendant's employment . . . and did not adhere to ministerial duties, pursuant to 26 U.S.C. 6321, et al. and Defendant further violated Plaintiff's [sic] Constitutional Rights."

However, the allegations of the Petition are clear that respondents were acting within the scope of their employment as Internal Revenue Service employees. There are no allegations that any respondent acted outside the scope of that employment. Petitioner cites no authority that the Anti–Injunction Act is inapplicable if it is alleged that a respondent was not acting within the scope of employment. Furthermore, petitioner does not specifically argue that any of the exceptions to the Anti–Injunction Act specified in Section 7421(a) apply. A reference to failure to "adhere to ministerial duties, pursuant to 26 U.S.C. 6321, et al." does not suffice to allow this court to determine that the Anti–Injunction Act is inapplicable to petitioner. Therefore, the Anti–Injunction Act bars the injunctive relief sought by its terms.

■ Petitioner makes no mention of the required showing for the judicial exception to the Anti–Injunction Act. As noted, it is his burden to do so. Furthermore, the Ninth Circuit holds that the Anti–Injunction Act contains no exception for allegedly unlawful or unconstitutional levies. *See Church of Scientology of California v. United States,* 920 F.2d 1481, 1484–1485 (9th Cir.1990), *cert. denied,* 500 U.S. 952, 111 S.Ct. 2258, 114 L.Ed.2d 711 (1991).

Therefore, the claims for injunctive relief in the Petition are dismissed with prejudice.

### 2. *Declaratory Relief.*

■ The United States is entitled to dismissal of the Petition to the extent that it seeks a declaration that the federal income tax laws are invalid or do not apply to petitioner. 28 U.S.C. § 2201(a) provides in pertinent part:

> In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [pertaining to status and classification of organizations under 26 U.S.C. § 501(c)(3) ] . . ., any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

Therefore, this court lacks jurisdiction to grant any such declaratory relief. *See Hutchinson v. United States,* 677 F.2d 1322, 1326–1327 (9th Cir.1982).

### C. *Sovereign Immunity.*

■ To the extent that the United States is the proper respondent, the United States moves to dismiss the Petition for lack of subject matter jurisdiction on the ground that the United States has not waived its sovereign immunity.

As explained in *Hutchinson v. United States, supra,* 677 F.2d at 1327:

> The United States is a sovereign and, as such, is immune from suit without its prior consent . . . Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity . . . The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants . . . Absent consent to sue, dismissal of the action is required.

Petitioner bears the burden of demonstrating an explicit waiver of the Government's sovereign immunity from suit. *United*

*States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 108 L.Ed.2d 548 (1990).

The United States argues that the Petition does not allege any basis for concluding that the United States has waived its sovereign immunity.

As noted, the Petition alleges in Paragraphs 8 and 9 as follows:

8. Petitioner has filed all proper claims and has adhered to all administrative remedies and requirements imposed by 26 U.S.C. § 6343, authority to release Lien and return property, 26 CFR § 301.6343–1.(b)(2). Request for return of property, Public Law 104–168 (July 30, 1996) 110 STAT. 1460, 501(b) [amending 26 U.S.C. § 6326], Federal Register, Vol. 56, No. 206, Thurs., Oct. 24, 1991, *Administrative Appeal of Liens,* 26 U.S.C. 6326, 26 CFR 301.6326–1(b)(2), *Appeal Alleging Error in the Filing of Notice of Lien.* As supported by Exhibits contained herein, such claims were properly and timely made.

Many of these remedies were created by Congress July 30, 1996, in the Taxpayer's Bill of Rights II; however, new rights that are not enforceable are no rights at all.

9. The Respondent had 30 days to dispute Petitioner's Claim but has defaulted. Such matter therefore stands *res judicata,* in favor of Petitioner and Respondent has a ministerial and non-discretionary duty to Petitioner to remove all erroneous, liens and levies and return all earnings and bank accounts, unlawfully seized from Petitioner, if applicable.

As noted, no exhibits other than a memorandum of points and authorities and a declaration are attached to the Petition. Therefore, the court cannot determine whether, in fact, petitioner timely and completely complied with the various regulations described above. Petitioner's remedy for any such alleged failure is prescribed by Section 7433.[2]

2. 26 U.S.C. § 7433 provides in pertinent part:
(a) In general.—If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages from such actions.
(b) Damages.—In any action brought under subsection (a) . . ., upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the lesser of $1,000,000 ($100,000, in the case of negligence) or the sum of -
(1) actual, direct economic damages sustained by the plaintiff as a proximate result of the reckless or intentional or negligent actions of the officer or employee, and

(2) the costs of the action.

(d) Limitations. -
(1) Requirement that administrative remedies be exhausted.—A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.
(2) Mitigation of damages.—The amount of damages awarded under subsection (b)(1) shall be reduced by the amount of such damages which could have reasonably been mitigated by plaintiff.
(3) Period for bringing action.—Notwithstanding any other provision of law, an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues.

The United States argues that, because the Petition does not allege that petitioner has exhausted administrative remedies available to petitioner for the filing of an action under Section 7433, which administrative remedies are set forth in Treas. Reg. § 301.7433–1, petitioner has not stated a claim upon which relief can be granted.

Petitioner does not respond to this ground for dismissal. Therefore, the court concludes that petitioner cannot allege such compliance. Therefore, any claim for relief deemed to be based on Section 7433 must be dismissed.[3]

 The United States notes that the Petition contains allegations sounding in tort, e.g., allegations of "mental anguish and defamation of character". To the extent that the Petition may be construed as alleging torts resulting from the alleged actions or inactions, it is clear that the United States has not waived sovereign immunity. Although the United States has waived sovereign immunity with respect to actions permitted under the Federal Tort Claims Act, 28 U.S.C. §§ 1345(b) and 2671–2680, the Federal Tort Claims Act cannot serve as a basis for jurisdiction in the absence of an allegation that petitioner has filed a proper administrative claim with the Internal Revenue Service as required by Section 2675(a). Furthermore, the provisions of the Federal Tort Claims Act specifically exclude claims based upon the performance of a discretionary function by a government official and claims arising with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c); *Hutchinson v. United States, supra.*

### D. *Failure to State a Claim.*

#### 1. *Quiet Title.*

 With respect to the claims in the Petition concerning tax liens, the United States refers the court to 28 U.S.C. § 2410.

Under Section 2410, the United States may be joined as a party to a quiet title action affecting property upon which the United States claims a lien. 28 U.S.C. § 2410(a). However, "[i]n actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed." 28 U.S.C. § 2410(b). A taxpayer may not use a section 2410 action to collaterally attack the merits of an assessment. Rather, the taxpayer may only contest the procedural validity of a tax lien. *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990).

Although the United States acknowledges that Section 2410 may constitutes a waiver of sovereign immunity, the United States notes that petitioner has not set forth the allegations required by Section 2410(b). In addition, the United States contends, petitioner is seeking to litigate the merits of his tax liabilities without fully paying the tax and satisfying the prerequisites to a claim for refund.

Petitioner does not specifically respond to these assertions. While, as discussed below, petitioner asserts that the Petition "is not a dispute over the government's

---

**3.** Because of this conclusion, the court does not address the United States' alternative argument that any claim for relief pursuant to Section 7433 is barred by the applicable statute of limitations.

right to tax or over the amount to be assessed or collected", the averments in petitioner's declaration attached to the Petition imply to the contrary. As noted above, petitioner's declaration implies that the basis for his averments that the liens and levies are wrongful is based on his contention that he is not subject to federal income tax because of the various frivolous reasons set forth in his declaration.

Therefore, the court concludes that the Petition cannot be deemed to state a claim for relief pursuant to Section 2410.

### 2. *Constitutional Claims/Bivens.*

 Petitioner's opposition to the Motion to Dismiss asserts as follows:

The Verified Petition for Writ of Mandamus in this matter is not a dispute over the government's right to tax or over the amount to be assessed or collected.

The poignant question of law asked in this case is:

'Can any agent of the government, acting under color of law, violate a Citizen's 4th and 5th Amendment rights under the Constitution of the United States and ignore Congressionally mandated ministerial procedures applicable to government seizures, when seizing a private American Citizen's private property?'

As discussed above, the individual respondents are the proper parties to such a claim.

However, a right of action under *Bivens v. Six Unknown Named Agents of the*

*Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) for allegedly unconstitutional tax collection activity is not implied by the courts because of the comprehensive and exclusive remedies provided by the Internal Revenue Code and regulations, including Section 7433. *See Wages v. IRS,* 915 F.2d 1230, 1235 (9th Cir.1990), *cert. denied,* 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *Ivy v. Mason,* 30 F.Supp.2d 1268, 1270 (D.Idaho 1998); *see also Shwarz v. United States,* 234 F.3d 428, 434 (9th Cir. 2000). Therefore, to the extent that the Petition is based on claims of constitutional violations by IRS officials, the claims cannot proceed and are dismissed with prejudice.

ACCORDINGLY, IT IS ORDERED that the United States is substituted as the proper party respondent to the extent stated herein.

IT IS FURTHER ORDERED that the United States' Motion to Dismiss is granted and that this action is dismissed for the reasons set forth herein.

JUDGMENT FOR RESPONDENTS TO BE ENTERED