Richard J. DRENNON, Plaintiff—
Appellant,

and

Larry Lamar Browning;
et al., Plaintiffs,

v.

Richard A. VERNON, Director of
Idaho Department of Correction;
et al., Defendants—Appellees.

No. 02–35322.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 20, 2003.

Richard J. Drennon, pro se, Boise, ID, for Plaintiff–Appellant.

Timothy D. Wilson, Esq., Attorney General's Office, Timothy McNeese, Esq., Office of Attorney General, Boise, ID, for Defendants–Appellees.

Before: WARDLAW, BERZON, and CLIFTON, Circuit Judges.

---

MEMORANDUM **

Richard J. Drennon, an Idaho state prisoner, appeals pro se the district court's denial of his second motion [1] under Fed. R.Civ.P. 59(e) requesting that the court amend the order denying his previous motion to reconsider the dismissal of this class action. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion the denial of a Rule 59(e) motion, *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir.2000), and we affirm.

The district court did not abuse its discretion by denying Drennon's second Rule 59(e) motion because it raised only issues that the court already had considered in connection with Drennon's initial Rule 59(e) motion. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir.1995). Moreover, the district court correctly rejected Drennon's argument concerning the Idaho legislature's change in state law to the detriment of the plaintiff class.

Drennon's motion to file a supplemental opening brief is denied.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Drennon's second Rule 59(e) motion, filed on August 21, 2001, did not toll the period for filing a notice of appeal from the underlying judgment. *See Wages v. IRS*, 915 F.2d 1230, 1234 n. 3 (9th Cir.1990). Accordingly, Drennon's notice of appeal was timely only as to the district court's denial of his second Rule 59(e) motion, and we lack jurisdiction to review either the judgment dismissing the action or the order denying the first Rule 59(e) motion. *See Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (timely filing of notice of appeal is "mandatory and jurisdictional").