**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 17 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GODSON ERUCHALU, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> U.S. BANK; et al., <br><br> Defendants-Appellees. | Nos. 17-15878 <br> 17-15881 <br><br> D.C. No. 2:12-cv-01264-RFB-VCF <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

In these consolidated appeals, Godson Eruchalu appeals pro se from the

district court's order granting defendant First Option Mortgage's amended motion

for attorney's fees and costs under 28 U.S.C. §§ 1920 and 1927.  We have

jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion.  *Wages*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. IRS*, 915 F.2d 1230, 1235 (9th Cir. 1990). We affirm.

The district court did not abuse its discretion by awarding § 1927 sanctions because the record supports the district court's findings that Eruchalu twice refiled previously dismissed claims, ignored discovery orders, initiated similar proceedings in state court and bankruptcy court, and filed meritless motions and appeals over the course of the proceedings. *See* 28 U.S.C. § 1927 (authorizing an award of attorney's fees reasonably incurred because of conduct that "multiplies the proceedings . . . unreasonably and vexatiously"); *Wages*, 915 F.2d at 1235-36 (sanctions under § 1927 require a showing of bad faith and may be imposed upon a pro se plaintiff).

The district court did not abuse its discretion by awarding attorney's fees in the amount of $189,908.65 because the record supports the district court's calculation under the lodestar method. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 977-78 (9th Cir. 2008) (discussing proper application of the lodestar method and the district court's "great deal of discretion" to determine the reasonableness of the fee (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by awarding costs under 28 U.S.C. § 1920. *See* 28 U.S.C. § 1920 (setting forth categories of taxable costs); *In*

*re Online DVD-Rental Antitrust Litig.*, 779 F.3d 914, 924-25 (9th Cir. 2015) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Eruchalu's request for "extra" pages, set forth in his reply brief, is granted. The reply brief has been filed. To the extent Eruchalu requests leave to file a supplemental reply brief, the request is denied.

Eruchalu's request to strike the answering briefs, set forth in his reply brief, is denied.

**AFFIRMED.**

17-15878