NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 6 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MICHAEL S. TRAYLOR,

        Plaintiffs' Former Counsel-
Appellant,

   v.

U.S. SMALL BUSINESS ASSOCIATION
ET AL.,

        Defendant-Appellee.

No. 21-56093

D.C. No. 5:20-cv-01280-SVW-KK

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted on October 17, 2023
Pasadena, California

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF, District Judge.**

This is an appeal from the grant of summary judgment and award of attorney's

fees in a case brought under the Copyright Act. The district court initially granted

the motions for summary judgment of defendants Al Gohary and the Orange County

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     **     The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

Inland Empire Small Business Development Center Network ("OCIE") based upon the failure of plaintiffs Lethia Davis and her company, Beautiful Minds Entrepreneurship, Inc., to provide the district court with a copy of the copyrighted works that were purportedly infringed. Plaintiffs filed a motion for reconsideration attaching one of the three allegedly infringed works. The district court denied that motion, finding, among other things, that even if the work had been included with the prior motion, it would not have changed the court's conclusion. The district court then ordered plaintiffs to pay defendants' attorney's fees pursuant to 17 U.S.C. § 505 and, *sua sponte*, issued an order to show cause why plaintiffs' attorney—Michael Traylor—should not be held liable for a portion of the fee award pursuant to 28 U.S.C. § 1927. The district court ultimately awarded Gohary $75,424.50 in attorney's fees, of which Traylor was held liable for $31,006, and awarded OCIE $75,613.13 in attorney's fees, of which Traylor was held liable for $71,056.13. Traylor is the only party remaining in this appeal. For the reasons set forth below, we affirm the district court's grant of summary judgment and award of attorney's fees.

Traylor first argues that the district court erred in granting defendants' motions for summary judgment and denying plaintiffs' motion for reconsideration. Without these purportedly erroneous rulings, Traylor argues, no attorney's fee award could have been entered against him. We review a grant of summary judgment de

novo, and a denial of a motion for reconsideration for abuse of discretion. *See Airlines for Am. v. City & Cnty. of San Francisco*, 78 F.4th 1146, 1151 (9th Cir. 2023) (summary judgment); *Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1211 (9th Cir. 2012) (FRCP 60(b)); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004) (FRCP 59(e)).

"Proof of copyright infringement requires [the plaintiff] to show: (1) that he owns a valid copyright in [the work]; and (2) that [the defendant] copied protected aspects of the work." *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1064 (9th Cir. 2020) (en banc). A plaintiff "can attempt to prove [copying] circumstantially by showing that the defendant had access to the plaintiff's work and that the two works share similarities probative of copying." *Id.* (quoting *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1117 (9th Cir. 2018)).

To support their motions for summary judgment, defendants put forward substantial evidence that they did not copy the allegedly infringed work, including declarations that they had not seen the infringed work prior to the litigation, did not have access to the infringed work, and created the purportedly infringing work years before the creation of the allegedly infringed work. At this point, the burden shifted to plaintiffs to demonstrate a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

In response, plaintiffs argued that access to the copyrighted works combined with their substantial similarity to the infringing work was sufficient to satisfy the element of copying. But plaintiffs failed to actually identify or provide the district court with a copy of any work that was purportedly infringed, and thus the district court correctly concluded that no reasonable juror could evaluate whether the work was substantially similar such that it was copied.[1] And when an allegedly infringed work was submitted with plaintiffs' motion for reconsideration, it became clear that the infringed and infringing works were, as the district court ultimately held, "not remotely similar." Further, plaintiffs' only evidence of defendants' access to the infringed work was the bare assertion that the work was available on plaintiffs' website, which was insufficient to create a dispute of fact as to access in the face of defendants' contrary evidence. *See Art Attacks Ink, LLC v. MGA Ent. Inc.*, 581 F.3d 1138, 1143 (9th Cir. 2009) ("To prove access, a plaintiff must show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work."). Accordingly, the district court did not err in granting

---

[1] On appeal, Traylor asserts that the allegedly infringed work was attached as an exhibit to a deposition transcript filed in support of OCIE's motion for summary judgment. But the PowerPoint slides Traylor cites are the allegedly infringing work created by Gohary, not the infringed work purportedly created by plaintiffs. The fact that, even on appeal, Traylor is unable to clearly identify what work was purportedly infringed further demonstrates the correctness of the district court's rulings.

defendants' motions for summary judgment and denying plaintiffs' motion for reconsideration.

Traylor next argues that the district court erred by awarding attorney's fees pursuant to the Copyright Act. *See* 17 U.S.C. § 505. The Copyright Act "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197, 203 (2016). Such an award is reviewed for abuse of discretion. *See Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). Here, the district court correctly identified the six non-exclusive factors to be considered and found that each weighed in favor of awarding attorney's fees. Traylor simply asserts that the district court was wrong in making these findings but offers no real explanation as to why this is so. Accordingly, we hold that the district court's award of attorney's fees was not an abuse of discretion.

Finally, Traylor argues that the district court abused its discretion by requiring him to personally satisfy a portion of the attorney's fee award as a sanction. Imposition of sanctions pursuant to 28 U.S.C. § 1927 is appropriate "when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002) (quoting *In re Keegan Mgmt. Co., Sec. Litig.*, 78

F.3d 431, 436 (9th Cir. 1996)). We review such an award for abuse of discretion. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235 (9th Cir. 1990).

The district court's imposition of sanctions was supported by substantial evidence in the record. The district court found that Traylor never produced two of the three allegedly copyrighted works that form the basis of this litigation, produced the third over a year after the case was commenced, and continued to litigate the case even though the work Traylor produced was nothing like the allegedly infringing work. From this, the district court concluded that "Traylor either deliberately refused to produce the alleged 'works' at the heart of this case or . . . he deliberately continued to litigate long after it became clear the 'works' never existed in the first place. In either scenario, his conduct is unreasonable and vexatious . . . [and] evinces bad faith."

The district court also identified numerous other instances of unreasonable conduct by Traylor. For example, Gohary had previously sought and obtained summary judgment because Traylor failed to respond to certain requests for admission that were then deemed admitted. The district court granted plaintiffs' first motion for relief from judgment based on Traylor's representation that then-unserved defendant OCIE had critical information. Traylor promised to "pursue this matter with diligence" going forward, but then made no attempt to depose OCIE and obtained no useful evidence from OCIE.

To date, Traylor has offered no valid explanation for the conduct described in the district court's sanctions order. Instead, he argues on appeal that the positions he raised in the litigation were not entirely frivolous, and so sanctions were inappropriate absent a finding of an intent to harass. *See B.K.B.*, 276 F.3d at 1107 ("[R]eckless nonfrivolous filings, without more, may not be sanctioned."). But even assuming *arguendo* that the case was not entirely frivolous from the outset and that at least some of the litigation positions Traylor initially advanced were non-frivolous, this fact is reflected in the fee award, which required Traylor only to pay those fees incurred after the district court granted plaintiffs' first motion for relief from judgment. The district court did not abuse its discretion in concluding Traylor's conduct past that point "multiplie[d] the proceedings in [this] case unreasonably and vexatiously." 28 U.S.C. § 1927.

**AFFIRMED.**

21-56093